**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JEFFREY HALE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>CREDITORS RELIEF LLC, a New Jersey limited liability company.<br><br>        Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Jeffrey Hale ("Hale" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Creditors Relief LLC ("Creditors Relief" or "Defendant") to: (1) stop its practice of placing calls using an automatic telephone dialing system ("ATDS") and/or using an artificial or prerecorded voice to the cellular telephones of consumers nationwide without their prior express written consent, (2) enjoin Defendant from continuing to place autodialed telephone calls to consumers who did not provide their prior written express consent to receive them, and (3) obtain redress for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**PARTIES**

1.      Plaintiff Jeffrey Hale is a natural person who resides at 110 E. Center St., #1000, Madison, South Dakota 57042.

2.      Defendant Creditors Relief is a limited liability company incorporated and

1

existing under the laws of the State of New Jersey.[1] Its principal office address is 120 Sylvan Ave. Ste. 300, Englewood Cliffs, New Jersey 07632.[2] Defendant does business throughout the United States, including in the State of New Jersey and in this District.

## JURISDICTION & VENUE

3.  This Court has federal subject matter jurisdiction under 28 U.S.C. §1331 as the action arises under the Telephone Consumer Protection Act, 47 U.S.C § 227 *et seq*., which is a Federal statute.

4.  The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is registered to do business in the State of New Jersey, is headquartered in this District, and regularly conducts business in the State of New Jersey and in this district.

5.  Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, conducts a significant amount of business within this District and markets to this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON ALLEGATIONS OF FACT

6.  Defendant Creditors Relief specializes in assisting businesses in getting out of debt.

7.  Unfortunately for consumers, Defendant casts its marketing net too wide. That is, in an attempt to promote Defendant's business and services in the debt-relief and debt-consolidation industry, Defendant conducted (and continues to conduct) a wide-scale

---

[1] https://www.njportal.com/DOR/BusinessNameSearch/Search/BusinessName.

[2] https://bbb.org/new-jersey/business-reviews/credit-and-debt-counseling/creditors-relief-in-englewd-clfs-nj-90104223/reviews-and-complaints.

telemarketing campaign that features the making of repeated unsolicited autodialed telephone calls to consumers' cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

8. Defendant calls consumers on their cellular telephones using an "automatic telephone dialing system" ("ATDS") without their prior written express consent in violation of the TCPA.

9. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

10. Yet in violation of this rule, Defendant fails to obtain any prior express written consent to make these autodialed calls to cellular telephone numbers.

11. By making the autodialed telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation, annoyance, and nuisance and invasions of privacy that result from the receipt of such calls in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiff's and the other Class members' use and enjoyment of their cellular telephones, including the related data, software, and hardware components. Defendant also caused substantial injury to their phones by causing wear and tear on their property, consuming battery life, and appropriating cellular data and minutes.

12. Consumer complaints about Defendant's invasive and repetitive calls are legion.

3

As a sample, consumers have complained as follows:

- "Asked to speak to a business owner. Used a name clearly obtained from some list (used the owner's full name, including middle initial). Asked for voicemail. When told we don't have voicemail, they would not leave a message. Googling indicates the call is likely from Creditors Debt Relief. The sounds of a busy call center in the background could be heard"[3]

- "Weekly calls placed to our business asking to speak with a specific Manager. Calls typically consist of a 3-4 second lag time before a person comes on the line along with very loud voices in the background indicating a boiler room call center. Caller identifies their business name as "Creditor's Relief" who offer high interest "loans" to small businesses. Despite asking every caller from this sham organization to remove our Company from their call sheet, the calls continue. Scum telemarketers who violate the Do Not Call Registry. Do not do business with them."[4]

- "The number has called my home several times."[5]

- "201 956 6966 She said that loan was filed with the UCC Uniform Commerical Code with the US government. That's interesting cause I don't have a loan or business."[6]

- "Calls then hangs up within 2 rings. Calls back, answer, no one there and hangs up. Never leaves message."[7]

13.     In placing the calls that form the basis of this Complaint, Defendant, or its affiliated entities, utilized an ATDS in violation of the TCPA. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to

---

[3] http://800notes.com/Phone.aspx/1-201-266-5241.
[4] *Id.*
[5] http://whocallsme.com/Phone-Number-aspx/2019566966.
[6] . http://www.scammer.info/d/434-advance-fee-business-loans/18.
[7] http://800notes.com/Phone.aspx/1-866-831-6477

4

then available callers and disconnecting the rest (all without human intervention).

14. Defendant knowingly made (and continues to make) telemarketing calls to cellular telephones without the prior express written consent of the call recipients. As such, Defendant not only invaded the personal privacy of Plaintiff and other members of the putative Class but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF JEFFREY HALE

15. On or around March 8, 2017, at 8:51 a.m., Creditors Relief, either directly, or through its affiliates and agents, made an unsolicited telemarketing call to Plaintiff from telephone number 201-956-6966.

16. When Plaintiff answered the March 8, 2017 telephone call from Creditors Relief, Plaintiff noticed an 1-3 second pause before being connected to a live agent.  Such pause is indicative of the use of an ATDS.

17. The March 8, 2017 autodialed telephone call from Creditors Relief was made with the purpose of soliciting Plaintiff to utilize Creditors Relief's debt-relief services.

18. For the sole purpose of ascertaining who was calling him, and to therefore get the company to stop, Plaintiff asked Creditors Relief to send him an email during the March 8, 2017 conversation.  Shortly thereafter, Creditors Relief sent Plaintiff an email.  Said email came from "manny@creditorsrelief.com."

19. At no time did Plaintiff consent to the receipt of autodialed calls to his cellular telephone from Creditors Relief, let alone provide prior oral or written express consent to Creditors Relief for such calls to be placed.  Moreover, Plaintiff does not own a business and has no need for Creditors Relief's debt-relief services.

20. By making unauthorized autodialed telephone calls as alleged herein, Creditors

Relief has caused consumers actual harm. In the present case, a consumer could be subjected to multiple, repeating unsolicited autodialed telephone calls because Creditors Relief fails to obtain the requisite prior express written consent to make such calls.  Creditors Relief caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls and a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiff's and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components. Creditors Relief also caused substantial injury to their phones by causing wear and tear on their property, consuming battery life, and in certain cases appropriating cellular minutes, in addition to the invasion of privacy and nuisance of having to answer such unsolicited calls.

21. To redress these injuries, Plaintiff, on behalf of himself and the Class of similarly situated individuals alleged in this Complaint, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed calls to cellular telephones.

22. On behalf of the Class, Plaintiff also seeks an injunction requiring Creditors Relief to cease all unsolicited and unauthorized autodialed calling activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees to be paid from a common fund established for the benefit of the Classes.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of himself and the Class defined as follows:

///

**Autodialed No Consent Class**: All persons in the United States from four years to the filing on the instant action through the present who (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) for the purpose of selling Defendant's products and services, (4) using an automated telephone dialing system, and (5) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.

24.     The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons. Plaintiff anticipates needing to amend the class definitions following reasonable and appropriate class discovery.

25.     On information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members is impracticable.

26.     There are several questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class.  Common questions for the Class members that may be answered in a single stroke include but are not limited to the following:

    a.     whether Defendant's conduct constitutes a violation of the TCPA;

    b.     whether Defendant utilized an automatic telephone dialing system to place pre-recorded calls to members of the Classes;

    c.     whether members of the Classes are entitled to treble damages based on

      the willfulness of Defendant's conduct;

  d.  whether Defendant obtained prior express written consent to contact any class members on their cellular telephones;

  e.  whether Plaintiff and the members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

27. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class, including the annoyance and aggravation associated with such autodialed calls as well as the loss of cellular plan minutes and temporary inability to enjoy and use their cellphones, as a result of the transmission of the autodialed calls alleged herein. Plaintiff and the other members of the Class have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct of placing autodialed calls. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendant's wrongful conduct. Plaintiff, like other members of the Class, received unsolicited autodialed calls from Defendant. Plaintiff is advancing the same claims and legal theory on behalf of himself and all absent members of the Class.

28. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interest antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his Counsel have any

interest adverse to those of the other members of the Class.

29. The suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted, and/or has refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief. Specifically, injunctive relief is necessary and appropriate to require Defendant to discontinue placing unsolicited and unauthorized autodialed calls to the public. Likewise, Defendant has acted and fails to act on grounds generally applicable to the Plaintiff and the other members of the Class in placing the autodialed calls at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

30. In addition, this suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication. The claims asserted herein are applicable to all consumers throughout the United States who received an unsolicited and unauthorized autodialed calls from Defendant. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class could afford such litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments.

Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

31. Adequate notice can be given to the members of the Class directly using information maintained in Defendant's records or through notice by publication.

### FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Autodialed No Consent Class)

32. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

33. Defendant made unsolicited and unwanted telemarketing calls to telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class on their cellular telephones in an effort to sell its products and services.

34. Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

35. Defendant utilized equipment that made the telephone calls to Plaintiff and other members of the Autodialed No Consent Class simultaneously and without human intervention.

36. Defendant failed to obtain any prior express written consent from Plaintiff and other called parties that included, as required by 47 C.F.R. § 64.1200(f)(8)(i) a "clear and conspicuous" disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

(B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

37. Any consent that was supposedly obtained required Plaintiff and the class members to receive autodialed calls.

38. Defendant also failed to obtain any prior express oral consent of the persons receiving its autodialed telephone calls.

39. By making unsolicited telephone calls to Plaintiff and members of the Autodialed No Consent Class's cellular telephones using an automated telephone dialing system, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by doing so without prior express written consent as required.

40. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Autodialed No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

41. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Jeffrey Hale, on behalf of himself and the Class, prays for the following relief:

    A. An order certifying the Class as defined above, appointing Plaintiff Jeffrey Hale as the representative of the Class, and appointing his counsel as Class Counsel;

      B.      An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

      C.      An order declaring that Defendant's actions, as set out above, violate the TCPA;

      D.      A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

      E.      An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

      F.      An order requiring Defendant to identify any third-party involved in the autodialed calling as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

      G.      An injunction requiring Defendant to cease all unsolicited autodialed calling activities, and otherwise protecting the interests of the Class;

      H.      An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

      I.      An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA;

      J.      An injunction prohibiting Defendant from conducting any future telemarketing activities until it has established an internal Do Not Call List as required by the TCPA;

      K.      An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

      L.      Such other and further relief that the Court deems reasonable and just.

///

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: April 10, 2017              **JEFFREY HALE**, individually, and on behalf of all others similarly situated,

By:   /s/Stefan Coleman

Stefan Coleman
(Law@stefancoleman.com)
Law Offices of Stefan Coleman, P.A.
1072 Madison Ave. #1
Lakewood, NJ 08701
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Blake J. Dugger*
(blake@stefancoleman.com)
Law Offices of Stefan Coleman, P.A.
1011 W. Colter St., #236
Phoenix, Arizona 85013
Telephone: (602) 441-3704
Facsimile: (888) 498-8946

*Counsel for Plaintiff and the Putative Classes*

**pro hac vice* admission to be filed