# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY HALE, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>CREDITORS RELIEF LLC, a New Jersey limited liability company.<br><br>       Defendant. | Case No. 2:17-cv-02447 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION: (I) TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; (II) TO DISMISS FOR FAILURE TO STATE A CLAIM; (III) IN THE ALTERNATIVE, TO STRIKE THE CLASS ACTION ALLEGATIONS; AND (IV) TO STAY DISCOVERY PENDING RESOLUTION OF THIS MOTION

Dated: May 25, 2017

Suzanne Iazzetta, Esq.
**IAZZETTA LAW LLC**
New Jersey Bar No. 034912005
297 Orange Road, Suite 1
Montclair, NJ 07042
Telephone:  (973) 913-4693
Fax: (888) 235-7762
Suzanne@IazzettaLaw.com
*Counsel for Defendant*
**CREDITORS RELIEF LLC**

**TABLE OF CONTENTS**

# Table of Contents

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT .................................................................................. 1

I.   THE COURT SHOULD DISMISS THE COMPLAINT PURSUANT TO
     FED. R. CIV. P. 12(B)(1) FOR LACK OF SUBJECT MATTER
     JURISDICTION BECAUSE PLAINTIFF LACKS STANDING ............................... 4

     A.   Standard of Review Under Fed. R. Civ. P. 12(b)(1) ............................................ 4

     B.   Plaintiff Failed to Allege a Concrete and Particularized Harm Sufficient
          to Establish the Requisite Injury-in-Fact for Article II Standing ................................. 5

II.  THE COURT SHOULD DISMISS THE COMPLAINT PURSUANT TO
     FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CAUSE OF
     ACTION ........................................................................................................ 10

     A.   Standard of Review Under Fed. R. Civ. P. 12(b)(6) ......................................... 11

     B.   Plaintiff fails to state a claim under the TCPA upon which relief can be
          granted because Plaintiff has not alleged that he received the alleged
          telemarketing call on his cellular (wireless) telephone ............................................... 12

III. ALTERNATIVELY, THE COURT SHOULD STRIKE THE CLASS
     ACTION ALLEGATIONS PURSUANT TO FED. R. CIV. P. 12(f) ....................... 15

     A.   Standard of Review Under Fed. R. Civ. P. 12(f) .............................................. 15

          1.   Plaintiff Fails the Commonality Prong ...................................................... 19

          2.   Plaintiff Fails the Typicality Prong ........................................................... 20

          3.   Plaintiff Fails the Adequacy of Representation Prong .............................. 21

IV.  THE COURT SHOULD STAY DISCOVERY PURSUANT TO FED. R.
     CIV. P. 26(C) DURING THE PENDENCY OF THIS DISPOSITIVE
     MOTION .......................................................................................................... 22

CONCLUSION ............................................................................................................ 23

## <u>TABLE OF AUTHORITIES</u>

**Cases**

A & L Indus. v. P. Cipollini, Inc., 2013 U.S. Dist. LEXIS 142463 (D.N.J. 2013)...................... 20

Andrews v. Home Depot U.S.A., Inc., 2005 U.S. Dist. LEXIS 44304 (D.N.J. 2005) ................ 17

Ashcroft v. Iqbal, 556 U.S. 662 (2009)................................................................................. 11, 12

Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519 (1983)........................... 11

Beck v. Maximus, Inc., 457 F.3d 291 (3d Cir. 2006) ................................................... 20

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)....................................................11, 13, 22

Clark v. McDonald's Corp., 213 F.R.D. 198 (D.N.J. 2003) ........................................ 17

Cottrell v. Alcon Labs., Inc., 2015 U.S. Dist. LEXIS 81830 (D.N.J. 2015)................................. 6

Doe v. Nat'l Bd. Of Med. Exam'rs, 199 F.3d 146 (3d Cir. 1999) ................................. 6

Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 347 (2005)............................................ 11

E. Tex. Motor Freight Sys. v. Rodriguez, 431 U.S. 395 (1977) ........................... 21

Edwards v. A.H. Cornell & Son, Inc., 610 F.3d 217 (3d Cir. 2010) ............................ 11

Eisai Co. v. Teva Pharms. USA, Inc., 629 F. Supp. 2d 416 (D.N.J. 2009) ................................ 16

FOCUS v. Allegheny Cnty. Ct. Com. Pl., 75 F.3d 834, 838 (3d Cir. 1996) ................................ 4

Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009) ......................................... 12

Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176
    (2d Cir. 1990)................................................................................................... 20

General Telephone Co. of Southwest v. Falcon, 457 U.S. 147 (1982)................................. 19, 20

Horsley v. Feldt, 304 F.3d 1125 (11th Cir. 2002)..................................................... 23

In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768 (3d Cir. 1995)............... 21

In re Horizon Healthcare Servs. Data Breach Litig., 846 F.3d 625 (3d Cir. 2017) .................... 18

In re Nickelodeon Consumer Privacy Litig., 827 F.3d 262 (3d Cir. 2016) ................................. 6

In re Orthopedic Bone Screw Product Liability Litig., 264 F.3d 344 (3d Cir. 2001)................. 22

J.H. Cohn & Co. v. Am. Appraisal Assocs., 628 F.2d 994 (7th Cir. 1980)............................... 20

John v. Nat'l Sec. Fire & Cas. Co., 501 F.3d 443 (5th Cir. 2007)................................. 17

Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72 (3d Cir. 2011) ......................... 17

Lewis v. Casey, 518 U.S. 343 (1996) ........................................................................................ 18

Leyse v. Bank of Am. Nat'l Ass'n, 804 F.3d 316 (3d Cir. 2015) ........................................ 13, 14

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) ......................................................... 4, 5, 6, 7

Mann v. Brenner, 375 F. App'x 232, 239 (3d Cir. 2010) ......................................................... 22

McPeak v. S-L Distrib. Co., No. 12-348, 2014 U.S. Dist. LEXIS 123728 (D.N.J. Sep. 5, 2014) ....................................................................................................................................... 16

Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884 (3d Cir. 1977) ............................... 4, 5

Neitzke v. Williams, 490 U.S. 319 (1989) ................................................................................. 22

O'Shea v. Littleton, 414 U.S. 488 (1974) ............................................................................. 17, 18

Pilgrim v. Universal Health Card, LLC, 660 F.3d 943 (6th Cir. 2011) .................................. 16, 17

Polanco v. Omnicell, Inc., 988 F.Supp. 2d 451 (D.N.J. 2013) ....................................................... 6

Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208 (1974) .............................. 21

Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26 (1976) .................................. 5, 8

Spokeo v. Robins, 136 S.Ct. 1540 (2016) ........................................................................... passim

Steel Co. v. Citizens for Better Env't, 523 U.S. 83 (1998) ........................................................... 5

Sussino v. Work Out World, Inc., Case No. 15-5881 (D.N.J. Aug. 1, 2016) .......................... 9, 10

Thomas-St. John Hotel & Tourism Ass'n v. Gov't of the V.I., 218 F.3d 232 (3d Cir. 2000) ........ 4

Todd v. Citibank, 2017 U.S. Dist. LEXIS 63402 (D.N.J. Apr. 26, 2017) .................................... 12

Tonka Corp. v. Rose Art Indus., 836 F. Supp. 200 (D.N.J. 1993) ........................................ 15, 16

Total Containment v. Environ Prods., 1992 U.S. Dist. LEXIS 12629 (E.D. Pa. 1992) .............. 16

Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338 (2011) ............................................................... 19

Weisman v. Mediq, Inc., 1995 WL 273678 (E.D. Pa. May 3, 1995) .......................................... 23

Zarichny v. Complete Payment Recovery Servs., 80 F. Supp. 3d 610 (E.D. Pa. 2015) .............. 16

**Statutes**
47 U.S.C. § 227 ..................................................................................................................... passim

**Other Authorities**

Article III of the U.S. Constitution ....................................................................... passim

**Rules**

Federal Rule of Civil Procedure 12(b)(1) .............................................................. passim

Federal Rule of Civil Procedure 12(b)(6) .............................................................. passim

Federal Rule of Civil Procedure 12(f) ....................................................... 1, 15, 22, 24

Federal Rule of Civil Procedure 23(c) ................................................................ 15, 16

Federal Rule of Civil Procedure 26(c) .................................................................. 1, 24

**Treatises**

Wright, Miller, et al, 7AA Federal Practice and Procedure § 1785 ............................................ 17

Defendant Creditors Relief, LLC ("**Creditors Relief**" or "**Defendant**") respectfully submits this memorandum of law in support of its motion to: dismiss Plaintiff Jeffrey Hale's complaint ("**Complaint**") pursuant to Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, to strike the class action allegations pursuant to Federal Rule of Civil Procedure 12(f); and to stay discovery pending the Court's resolution of this potentially dispositive motion (collectively, the "**Motion**").

## PRELIMINARY STATEMENT

The Court must dismiss the Complaint filed by Plaintiff Jeffrey Hale ("**Plaintiff**") for the following reasons:  (1) lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff has not and cannot allege facts sufficient to confer proper standing under Article III of the U.S. Constitution ("**Article III**"); and (2) failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has not sufficiently alleged all the elements to state a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("**TCPA**").  Alternatively, the Court should strike Plaintiff's class action allegations and allow the case to proceed only as an individual claim because Plaintiff cannot represent a class of "similarly situated plaintiffs" when he, himself, has no standing and has failed to state the very claim that he seeks to vindicate for the putative class. Finally, the Court should stay all discovery pursuant to Federal Rule of Civil Procedure 26(c) until the Court has issued a decision on this Motion to avoid the unnecessary time and expense of putative class action discovery in the face of these dispositive challenges to Plaintiff's claims.

**Plaintiff does not have Article III Standing.**  The United States Supreme Court's ("**SCOTUS**") recent decision in Spokeo v. Robins, 136 S.Ct. 1540 (2016) makes clear that a plaintiff may not satisfy the Article III standing requirement of a concrete "injury in fact" at the

1

pleadings stage merely by alleging a bare statutory violation.  In Spokeo, SCOTUS reaffirmed that statutory damages cannot be used as a windfall for plaintiffs, who must still plead facts to prove a "real" injury to meet the standard of Article III standing.  Spokeo, 136 S.Ct. at 1548.  Plaintiff has not alleged any "real" injury stemming from the one phone call that he claims he received, failing to meet his burden under the Spokeo**Error! Bookmark not defined.** analysis.  For this reason, the Court should dismiss the Complaint for lack of Article III standing.

**Plaintiff has failed to Allege a Valid TCPA Claim.**  In addition to the fact that Plaintiff lacks the requisite Article III standing, Plaintiff has failed to state a valid TCPA claim.  Plaintiff has not alleged that the alleged phone call was made to his cellular phone, merely that Creditors Relief "made an unsolicited telemarketing call to Plaintiff from telephone number 201-956-6966." (Compl., ¶15.)  As the alleged call was not to Plaintiff's cellular telephone, no prior express consent was needed, and Plaintiff does not have a valid TCPA claim. For this reason, the Court should dismiss the Complaint for failure to state a claim.

**Plaintiff Cannot Represent a Putative Class.**  Because Plaintiff does not have standing and does not have a valid TCPA claim, he cannot represent a putative class of alleged claimants who arguably have standing and valid TCPA claims.[1]  For this reason, the Court should strike Plaintiff's class allegations and allow Plaintiff to proceed, if at all, as an individual plaintiff only.

**Discovery should be Stayed Pending Resolution of the Motion**.  Because of the extreme expense, of both time and money, and the certain business disruption that ongoing class action discovery will cause Defendant, the Court should stay discovery until the Court renders a decision on Defendant's Motion.  Allowing discovery to move forward when the underlying case may be disposed of upon a Motion to Dismiss is a waste of judicial resources and an unnecessary waste of

---

[1] Defendant reserves the right to challenge the standing of the putative class as well as the validity of any alleged claims asserted by the putative class.

the parties' time, energy, and funds and will cause real damage to Defendant.  Importantly, a short stay of discovery will not harm Plaintiff in any way.  For this reason, the Court should stay discovery pending resolution of the Motion.

## INTRODUCTION

Plaintiff, on behalf of himself and all others similarly situated, filed a putative class action Complaint against Creditors Relief on or about April 10, 2017.  Plaintiff alleges that he received one (1) "unsolicited telemarketing call" from Creditors Relief on March 8, 2017.  (Compl., ¶ 15.) Based solely on this one phone call, Plaintiff has made wild accusations against Defendant, including the unsupported accusation that Creditors Relief has "intentionally and repeatedly violated the TCPA," (Compl., ¶ 14), and that Creditors Relief makes "repeated unsolicited autodialed telephone calls to consumers' cellular telephones in violation of the [TCPA]." (Compl., ¶ 7.)  Plaintiff even asks this Court to extrapolate his blatant and unsupported exaggerations exponentially and name him as a class representative to represent a nationwide putative class of consumers who have allegedly been injured by Creditors Relief in the same way that Plaintiff claims he has been injured.

Importantly, Plaintiff has not alleged any actual harm or injury arising from the one phone call he claims he received from Creditors Relief.  Plaintiff also failed to allege that he received the alleged call on his cellular phone, although he seeks to represent a class of putative class members who have allegedly received telemarketing calls from Creditors Relief on their cellular phones without consent.  For these reasons, the Court should not allow Plaintiff to proceed with his claims, both because he lacks standing to sue in this Court and because he has not sufficiently stated a claim for a TCPA violation.  Alternatively, the Court should strike Plaintiff's class allegations and

allow him to proceed on an individual basis only.  In either case, the Court should stay discovery pending resolution of this Motion.

## ARGUMENTS

I.  **THE COURT SHOULD DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF LACKS STANDING**

Because Plaintiff did not suffer a concrete, particularized harm sufficient to meet the requirements of Article III standing, Plaintiff lacks standing to bring this case and the Court should grant Creditors Relief's Motion to Dismiss pursuant to Federal Rule 12(b)(1).

### A.  Standard of Review Under Fed. R. Civ. P. 12(b)(1)

A defendant may challenge a plaintiff's standing by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds of lack of subject matter jurisdiction because "[t]he issue of standing is jurisdictional."  Thomas-St. John Hotel & Tourism Ass'n v. Gov't of the V.I., 218 F.3d 232, 240 (3d Cir. 2000).  When a defendant brings a motion to dismiss for lack of subject matter jurisdiction based on a plaintiff's lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden to "establish[] the elements of standing, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence is required at the successive stages of the litigation."  FOCUS v. Allegheny Cnty. Ct. Com. Pl., 75 F.3d 834, 838 (3d Cir. 1996), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); see also Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977) ("[T]he plaintiff will have the burden of proof that jurisdiction does in fact exist.").

4

Moreover, unlike a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court should not presume the truthfulness of a plaintiff's allegations when considering a motion to dismiss based on lack of subject matter jurisdiction in fact.  Mortensen, 549 F.2d at 891 ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction . . . no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.").  Therefore, the Court is free to evaluate whether Plaintiff's factual allegations, when taken as a whole, ring true.  The question of this Court's jurisdiction cannot be left to the imaginings of every plaintiff who drafts and files a complaint.  The Court must "evaluat[e] for itself" whether the factual allegations are sufficient and cogent enough to merit the exercise of this Court's jurisdiction.

**B.     Plaintiff Failed to Allege a Concrete and Particularized Harm Sufficient to Establish the Requisite Injury-in-Fact for Article II Standing**

Article III of the U.S. Constitution limits the jurisdiction of the federal courts to actual cases or controversies.  Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 37 (1976) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.").  To satisfy the "irreducible constitutional minimum" requirement of standing under Article III of the Constitution, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  Spokeo, 136 S. Ct. at 1547, citing Lujan, 504 U.S. at 560-561.

"[I]njury in fact [is] the '[f]irst and foremost' of standing's three elements."  Spokeo, 136 S. Ct. at 1547, quoting Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 103 (1998).  To establish

an injury in fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Spokeo, 136 S. Ct. at 1548, citing Lujan, 504 U.S. at 560.

Plaintiff fails to satisfy the "injury-in-fact requirement of Article III" because he asserts only "a bare procedural violation, divorced from any concrete harm." Spokeo, 136 S. Ct. at 1547.

This Court has consistently held that merely asserting violations of a statute – without more – is insufficient to demonstrate an injury-in-fact for purposes of establishing standing under Article III. See, e.g., Cottrell v. Alcon Labs., Inc., 2015 U.S. Dist. LEXIS 81830, at *5 (D.N.J. 2015) (Wolfson, J.) ("absent sufficient allegations as to injury . . . [plaintiffs'] conclusory theory [of defendant's violation of various consumer laws] is simply too remote and abstract to qualify as a concrete and particularized injury under Article III standing."); see also Polanco v. Omnicell, Inc., 988 F.Supp. 2d 451, 469 (D.N.J. 2013) (Hillman, J.) ("merely asserting violations of certain statutes is not sufficient to demonstrate an injury-in-fact for purposes of establishing standing under Article III"). The Third Circuit also shares this view. See Doe v. Nat'l Bd. Of Med. Exam'rs, 199 F.3d 146, 153 (3d Cir. 1999) (explaining that it is "incorrect" to "equate[] a violation of a statute with an injury sufficient to confer standing" which analysis, instead, must "focus[] on whether the plaintiff suffered an actual injury, not on whether a statute was violated."); see also In re Nickelodeon Consumer Privacy Litig., 827 F.3d 262, 274 (3d Cir. 2016) ("What a plaintiff cannot do, according to the Court, is treat a "bare procedural violation . . . [that] may result in no harm" as an Article III injury-in-fact." (quoting Spokeo, 136 S. Ct. at 1550)).

Rather than simply allege a statutory or procedural violation, Plaintiff must assert a concrete and particularized "injury in fact" to meet the requirements for Article III standing. For an injury to be particularized, it "'must affect the plaintiff in a personal and individual way.'"

<u>Spokeo</u>, 136 S. Ct. at 1548, citing <u>Lujan</u>, 504 U.S. at 560.  However, particularization is not sufficient.  The injury must also be concrete. "A 'concrete' injury . . . must actually exist." <u>Spokeo</u>, 136 S. Ct. at 1548, <u>citing Lujan</u>, 504 U.S. at 560.  A concrete injury is a real injury, not an "abstract" injury. <u>Spokeo</u>, 136 S. Ct. at 1548, citing <u>Lujan</u>, 504 U.S. at 560.  Importantly, a "concrete injury," for purposes of Article III standing, is much more than simply a recitation of all the possible harms that a plaintiff can imagine based on the alleged actions of a defendant.  Instead, a complaint must provide "factual allegations of injury resulting from the defendant's conduct." <u>Lujan</u>, 504 U.S. at 561.  <u>Facts</u> setting forth the concrete and particularized harm or injury that he claims to have suffered are woefully missing from Plaintiff's Complaint.

Plaintiff states that he received one single call, and from that one single call, he has recited a number of specious alleged "injuries" that he seems to have manufactured out of whole cloth on behalf of the as-yet-unnamed and as-yet-unidentified putative class . . . such as "substantial injury to **their phones** by causing wear and tear on **their** property," "monies **consumers** paid to **their** wireless carriers for the receipt of such **calls**," and the "invasion of privacy and nuisance of having to answer such unsolicited **calls**." (Compl., ¶ 20, emphasis added.)  Plaintiff states, "[b]y making unauthorized autodialed telephone calls as alleged herein, Creditors Relief has caused **consumers** actual harm." (Compl., ¶ 21, emphasis added.)  As Plaintiff has only alleged **one** call, these alleged "injuries" to multiple phones based on multiple calls cannot possibly be "actual," "concrete," or "particularized" to the Plaintiff, as required for Article III standing. Plaintiff also recites all the harm that "a consumer **could be** subjected to." (Compl., ¶21, emphasis added.)  These are clearly "abstract" injuries that Plaintiff has ascribed to an as-yet-unidentified class of putative plaintiffs, which alleged injuries may or may not have happened.  These allegations of possible and future injuries of some unknown putative class of plaintiffs do not satisfy the requirements of Article III

standing. There is only one named Plaintiff and it is that Plaintiff who must satisfy the requirement of Article III standing…not the putative class which does not yet exist.  Plaintiff <u>has not</u> pleaded sufficient facts to confer Article III standing.

Moreover, the Supreme Court has advised that a plaintiff who seeks to serve as a class representative cannot establish its standing by relying on the potential standing of putative class members.  <u>Spokeo</u>, 136 S. Ct. at 1547 n.6, <u>quoting</u> <u>Simon v. Eastern Ky.</u> 426 U.S. at 40 n.20 ("[E]ven named plaintiffs who represent a class must allege and show that **they personally have been injured**, not that injury has been suffered by other, unidentified members of the class to which they belong.'" (Emphasis added)).  Plaintiff's assumption that Defendant's alleged actions – based on one alleged phone call to Plaintiff – theoretically could harm an entire nation of individuals – is precisely the type of speculative injury that is insufficient to confer Article III standing.

As this is a 12(b)(1) analysis, the Court is free to take note of Plaintiff's inconsistencies when it comes to his allegations of "injury" for purposes of the standing inquiry.  For example, Plaintiff states that he was injured by the "aggravation and nuisance and invasions of privacy that result from the receipt of such calls" (Compl., ¶ 20), but one must wonder how the <u>one</u> phone call he claims he received (Compl., ¶ 15) could have caused so much "aggravation" or "nuisance" to merit standing under Article III of the Constitution, especially where Plaintiff admittedly <u>participated</u> in the phone call and characterized it as a "conversation" (Compl., ¶ 18).  "Plaintiff asked Creditors Relief to send him an email during the March 8, 2017 conversation."  (Compl., ¶ 18.)  The Court should note that Plaintiff's characterization of "aggravation and nuisance and invasions of privacy" (Compl., ¶ 20) does not square with his characterization of the offending phone call as a "conversation" in which he asked the caller to send him an e-mail.

8

Plaintiff has peppered his Complaint with allegations of "injury" by claiming that some (future, unnamed, unknown) members of the putative class were injured because Creditors Relief "appropriat[ed] cellular minutes."  (Compl., ¶ 20.)  Notably, Plaintiff does not allege that he had to pay for any cellular minutes, perhaps because he has not even alleged that he was called on his cellular phone, see infra section IIB, or perhaps because he does not pay for cellular minutes. Whatever the reason, the alleged appropriation of cellular minutes is not his injury to redress, and therefore no Article III standing attaches.

Similarly, Plaintiff does not claim that he was aggravated by the alleged call.  Plaintiff does not state that the alleged call caused wear and tear to his property, or consumed his battery life, or that it invaded his privacy or that the alleged call was anything near a legally cognizable "nuisance."  The reasons he did not make the allegations of personal injury does not matter; the fact that he did not make the allegations of concrete and particularized injury that is personal to him is fatal to his claim.

The Court cannot allow Plaintiff to bootstrap his insufficient "injury" allegations with his completely speculative "Class Action Allegations" to try to manufacture the concrete and particularized injury-in-fact requirement that is a prerequisite under Article III.

In Sussino v. Work Out World, Inc., Case No. 15-5881 (D.N.J. Aug. 1, 2016) (Sheridan, J.) (order granting motion to dismiss), attached to the Certification of Suzanne Iazzetta (hereafter, "**Iazzetta Cert**.") as Exhibit A, the Court considered a motion to dismiss for lack of Article III standing based on facts very similar to the case at bar.  There, Sussino alleged one phone call and recited the same alleged "injuries" as the Plaintiff in the matter at bar – depletion of battery life, annoyance and nuisance, and loss of cell phone minutes – and the Court soundly denied that the alleged "injuries" were sufficient to confer Article III standing upon the plaintiff.  (Transcript of

Hearing on Motion to Dismiss at 23:18-26:18, <u>Sussino</u>, attached to the Iazzetta Cert. as <u>Exhibit B.</u> The Court stated, "the concreteness is not really set forth within the complaint.  Any injury seems to be rather abstract; a loss of some de minimus [sic] battery power over a minute, doesn't seem to be significant in my mind."  (Tr. of Hearing on Motion to Dismiss at 24:17-21, <u>Id.</u>).  The Court stated that the one alleged phone call "wasn't really that annoying . . . in the sense that I think of that word."  (Tr. of Hearing on Motion to Dismiss at 24:10-15, <u>Id.</u>).  The Court found that the alleged injuries caused by one call received by the plaintiff in <u>Sussino</u> were not sufficiently concrete or particularized to confer Article III standing on that plaintiff, and the Court granted the defendant's motion to dismiss with prejudice.  (Tr. of Hearing on Motion to Dismiss at 26:6-8, <u>Id.</u>).

Just as the Court held in <u>Sussino</u>, this Court should find that Plaintiff has not sufficiently alleged – nor can he truthfully allege, based on the facts as he claims – any concrete and particularized injury sufficient to confer Article III standing.

For these reasons, the Court should grant Defendant's Motion and dismiss the case with prejudice pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

## II.    THE COURT SHOULD DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CAUSE OF ACTION

Because Plaintiff failed to allege one of the required elements of a TCPA claim, Plaintiff has failed "to state a claim upon which relief can be granted" and the Court should grant Defendant's Motion to Dismiss pursuant to Rule 12(b)(6).

A.     **Standard of Review Under Fed. R. Civ.
P. 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that a party may bring a motion to dismiss where the plaintiff has failed "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Courts insist upon such "'specificity in pleading before allowing a potentially massive factual controversy to proceed.'"  Twombly, 550 U.S. at 558, quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 528 n. 17 (1983).  Indeed, "[t]he threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching" summary judgment proceedings or trial.  Twombly, 550 U.S. at 559, quoting Associated Gen. Contractors of Cal., Inc., 459 U.S. at 528 n. 17.  To avoid such judicially-impelled extortion by overly aggressive plaintiffs' attorneys, particularly where, as here, the allegations seek to implicate liability for a putative nationwide class of similarly-situated defendants, "it is only by taking care to require allegations that reach the level suggesting [the claimed cause of action] that we can hope to avoid the potentially enormous expense of discovery in cases with no 'reasonably founded hope'" of success.  Twombly, 550 U.S. at 559-560, quoting Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 347 (2005).

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), therefore, the Third Circuit performs a two-part analysis.  Edwards v. A.H. Cornell & Son, Inc., 610 F.3d 217, 219 (3d Cir. 2010).  First the court separates the factual elements from the legal elements of the plaintiff's complaint, accepting the well-pleaded factual allegations as true and disregarding any legal conclusions.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir.

11

2009). Second, the court determines whether the well-pleaded factual allegations are sufficient, **and sufficiently well-pleaded**, to show that the plaintiff "has a 'plausible claim for relief.'" Id. at 211, quoting Iqbal, 556 U.S. at 679. In the case at bar, after the Court separates out the factual elements from the legal elements and then distills the Complaint down solely to the well-pleaded factual allegations, the Court will quickly see that Plaintiff has not met his burden to state a plausible claim upon which relief can be granted. For this reason, the Court should grant Defendant's Motion to Dismiss for failure to state a claim.

> **B.     Plaintiff fails to state a claim under the TCPA upon which relief can be granted because Plaintiff has not alleged that he received the alleged telemarketing call on his cellular (wireless) telephone**

The gravamen of Plaintiff's case is that Creditors Relief "calls consumers on their cellular telephones using an 'automatic telephone dialing system' ("**ATDS**") without their prior written express consent in violation of the TCPA." (Compl., ¶ 8.) Based on this allegation, Plaintiff seeks to represent a putative class of persons in the United States who have received such alleged calls from Creditors Relief. (Compl., ¶ 23.) However, Plaintiff does not, anywhere in the Complaint, allege that Creditors Relief ever placed a call to his cellular telephone, and for this reason alone, the Court must dismiss Plaintiff's Complaint.

"[T]o state a cause of action under the TCPA, a plaintiff must allege: (1) that the defendant called the plaintiff's cellular telephone; (2) using an ATDS; (3) without the plaintiff's prior express consent." Todd v. Citibank, 2017 U.S. Dist. LEXIS 63402, at *15-16 (D.N.J. Apr. 26, 2017) (internal citations omitted). A close review of the factual allegations of the Complaint will show that Plaintiff has failed to plead all three elements of a TCPA claim, and therefore has failed to state a claim under the TCPA, necessitating dismissal of his Complaint.

Importantly, Plaintiff's failure to allege that he received the call on his cellular phone is fatal to his TCPA claim because the same call to a residential landline would not be a TCPA violation at all. Plaintiff does not say whether he received the call on his cellular phone or on his landline, and the Court cannot engage in speculation about the allegations in the pleadings. Twombly, 550 U.S. at 555 (stating, "[f]actual allegations must be enough to raise a right to relief above the speculative level").

Plaintiff alleges that Creditors Relief "made an unsolicited telemarketing call to Plaintiff from telephone number 201-956-6966." (Compl., ¶ 15.) Plaintiff states that when he answered the alleged call, he "noticed a 1-3 second pause before being connected to a live agent [which] is indicative of the use of an ATDS." (Compl., ¶ 16.) Plaintiff alleges that the alleged call "was made with the purposes of soliciting [him] to utilize Creditors Relief's debt-relief services." (Compl., ¶ 17.) Although Plaintiff states that he did not provide consent to receive "autodialed calls to his cellular telephone from Creditors Relief," (Compl., ¶ 19), at no point in the Complaint does he state that he actually received an autodialed call to his cellular telephone from Creditors Relief. Plaintiff has attempted to pull off a verbal sleight-of-hand, because only a very careful reading of the Complaint and the allegations therein would reveal the fundamental missing allegation. Because Plaintiff is missing one of the necessary elements of a claim under the TCPA, his claim is fatally deficient and the Court should dismiss the Complaint on that ground alone.

The Third Circuit recently analyzed the TCPA and set forth "the prohibitions that the private right of action [under the TCPA] is intended to enforce." Leyse v. Bank of Am. Nat'l Ass'n, 804 F.3d 316, 324 (3d Cir. 2015). The Third Circuit stated:

> The "Prohibitions" paragraph [of the TCPA] makes it "unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States," to transmit certain types of telephone calls and facsimiles. [47 U.S.C.] §

227(b)(1). It contains four subparagraphs, each of which identifies the "recipient" and type of communication at issue. *Id.*

The first subparagraph forbids using an "automated telephone dialing system or an artificial or prerecorded voice" without the consent of the "called party" when calling emergency telephone lines, hospital patient rooms, pagers, cell phones, or any service for which the "called party" would be charged. *Id.* § 227(b)(1)(A). The second subparagraph, which Bank of America is accused of violating, proscribes "using an artificial or recorded voice" when calling "any residential telephone line" without the consent of the "called party." *Id.* § 227(b)(1)(B). The third prohibits sending "unsolicited advertisement[s]" by facsimile to a "recipient." *Id.* § 227(b)(1)(C). And the fourth prohibits using "an automatic telephone dialing system" to tie up two or more telephone lines of a "multi-line business" simultaneously. *Id.* § 227(b)(1)(D).

Leyse, 804 F.3d at 324-25.  To summarize, the prohibited types of calls under the TCPA are:

- Using an ATDS or an artificial or prerecorded voice without the consent of the called party when calling emergency telephone lines, hospital patient rooms, pagers, cell phones, or any service for which the called party would be charged.  47 U.S.C. 227(b)(1)(A).

- Using an artificial or recorded voice when calling any residential telephone line without the consent of the called party. 47 U.S.C. 227(b)(1)(B).

- Sending unsolicited advertisements by facsimile to a recipient. 47 U.S.C. 227(b)(1)(C).

- Using an ATDS to tie up two or more telephone lines of a multi-line business simultaneously. 47 U.S.C. 227(b)(1)(D).

Based on the facts alleged by Plaintiff in the Complaint, Creditors Relief did not violate any prohibitions of the TCPA.  Therefore, even taking everything Plaintiff says as true, as the Court must when considering a motion to dismiss pursuant to Rule 12(b)(6), he has failed to state a claim under the TCPA.  For this reason, the Court should grant Defendant's Motion and dismiss Plaintiff's claim with prejudice.

**III.     ALTERNATIVELY, THE COURT SHOULD STRIKE THE CLASS
ACTION ALLEGATIONS PURSUANT TO FED. R. CIV. P. 12(f)**

Alternatively, the Court should grant Defendant's Motion to Strike the Class Allegations pursuant to Federal Rule of Procedure 12(f), and Plaintiff should only be allowed to proceed in this action on an individual basis.

The class allegations in the Complaint should be stricken at this early stage in the case based on two simple facts:  Plaintiff cannot represent a class of putative class members who received calls from Creditors Relief on their cellular phones because Plaintiff is not a member of that class. Moreover, Plaintiff does not have standing to bring the claim on his own behalf, and therefore he cannot bring the claim on behalf of the putative class.  No amount of discovery or further case development into the possible members of the described putative class will alter the analysis or the outcome of these simple facts.  Accordingly, Defendant respectfully requests that the Court address this issue at this early stage of the case – "at an early practicable" time, as provided by Federal Rule of Civil Procedure 23(c) – and strike the class allegations in the Complaint.

**A.     Standard of Review Under Fed. R. Civ.
P. 12(f)**

Federal Rule of Civil Procedure 12(f) provides that a party may move to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "Motions to strike save time and expense . . . by making it unnecessary to litigate claims which will not affect the outcome of the case."  Tonka Corp. v. Rose Art Indus., 836 F. Supp. 200, 218 (D.N.J. 1993).

Importantly, "[m]otions to strike are to be decided 'on the basis of the pleadings alone.'" Tonka Corp., 836 F. Supp. at 218, quoting Total Containment v. Environ Prods., 1992 U.S. Dist.

LEXIS 12629, at *4 (E.D. Pa.).  Where, as here, class certification "is evidently inappropriate from the face of the complaint," a court is well within its discretion to grant a motion to strike class allegations.  Zarichny v. Complete Payment Recovery Servs., 80 F. Supp. 3d 610, 615 (E.D. Pa. 2015).

A court has "considerable discretion" with regard to a motion to strike, and may grant the motion "when required for the purposes of justice."  Tonka Corp., 836 F. Supp. at 217.  Where, as in the case at bar, "the [class] allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues," a court should grant a motion to strike those allegations.  McPeak v. S-L Distrib. Co., No. 12-348, 2014 U.S. Dist. LEXIS 123728, at *8 (D.N.J. Sep. 5, 2014) (Kugler, J.), citing Eisai Co. v. Teva Pharms. USA, Inc., 629 F. Supp. 2d 416, 425 (D.N.J. 2009).  Because the pendency of the possible class action proceeding has the potential to cause severe prejudice to Defendant and interfere with its business operations and because the allegations confuse the issue of whether Plaintiff has standing to bring the claim as alleged, the Court should exercise its discretion and grant Defendant's motion to strike the class allegations.

Although there is no strict timetable for when the court should consider the class allegations, Rule 23(c) directs that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."  Fed. R. Civ. P. 23(c)(1)(A).  Indeed, there is an emerging trend for courts to address class certification through a motion to strike class allegations filed by defendant at the inception of a lawsuit if early resolution is appropriate under the circumstances of a given case. See, e.g., Pilgrim v. Universal Health Card, LLC, 660 F.3d 943, 949 (6th Cir. 2011) ("[N]othing in the rules says that the court must await a motion by the plaintiffs.").  Therefore, the Court is not required to wait for

Plaintiff to move to certify the class to consider the class allegations in the Complaint.  "Either plaintiff or defendant may move for a determination of whether the action may be certified under Rule 23(c)(1)."  Pilgrim, 660 F.3d at 949, quoting Wright, Miller, et al, 7AA Federal Practice and Procedure § 1785; see also John v. Nat'l Sec. Fire & Cas. Co., 501 F.3d 443, 445 (5th Cir. 2007) (affirming dismissal of class allegations at the pleading stage on a motion by defendant).

In addition, the fact that the parties have not yet engaged in discovery in this case is not a bar to the Court's consideration of a motion to strike class allegations.  "A defendant may move to strike class action allegations prior to discovery" where, as here, "the complaint itself demonstrates that the requirements for maintaining a class action cannot be met."  Clark v. McDonald's Corp., 213 F.R.D. 198, *205 (D.N.J. 2003); see also Andrews v. Home Depot U.S.A., Inc., 2005 U.S. Dist. LEXIS 44304, at *6-7 (D.N.J. 2005) (Cavanaugh, J.) (same); see also Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 93 n. 30 (3d Cir. 2011) (the court may determine class certification before discovery when the "complaint itself demonstrates that the requirements for maintaining a class action cannot be met").  Here, because the Plaintiff has not demonstrated that he has the standing to bring the claim, see supra Section I, and because he is attempting to bring a TCPA claim on behalf of the class that is fundamentally different from his own alleged TCPA claim, see supra Section II, it is clear from the face of the Complaint that the requirements for maintaining a class action cannot be met, and the Court should strike the class action allegations.

In putative class action case O'Shea v. Littleton, 414 U.S. 488, 494 (1974), the U.S. Supreme Court held that because the plaintiffs failed to allege an actual Article III case or controversy, the federal court did not have jurisdiction over the case.  Moreover, the Court continued, "if none of the named plaintiffs purporting to represent a class establishes the requisite

of a case or controversy . . . , none may seek relief on behalf of himself **or any other member of the class**." Id. (emphasis added).  See also In re Horizon Healthcare Servs. Data Breach Litig., 846 F.3d 625, 634 (3d Cir. 2017), in which the Third Circuit stated that in order to maintain the putative class action, at least one of the plaintiffs must have Article III standing – that is to say, at least one of the plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." Horizon Healthcare Servs., 846 F.3d at 634, citing Lewis v. Casey, 518 U.S. 343, 357 (1996).

Here, because the Plaintiff cannot, under even the broadest reading of the facts, show that he, personally, has the required Article III concrete and particularized injury, see supra, Section I he also cannot represent a class of putative claimants.  Moreover, because the class he seeks to represent has a putative TCPA claim that is a different claim than his alleged TCPA claim, see supra, Section II, class treatment is plainly inappropriate based on the face of the complaint.

Plaintiff describes the putative class as:

> All persons in the United States from four years to the filing on the instant action through the present who (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) for the purpose of selling Defendant's products and services, (4) using an automated telephone dialing system, and (5) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.

(Compl., ¶ 23.) First, Plaintiff does not, anywhere in the Complaint, state that Defendant called him on his cellular telephone.  Second, Plaintiff does not, anywhere in the Complaint state that "Defendant claims it obtained prior express written consent to call the Plaintiff."  Therefore, Plaintiff is attempting to represent a putative class that has a legally and factually different claim

than his own.  In his desperation to file a class action lawsuit, he has neglected the fundamental

prerequisites to a class action. Because of these infirmities, Plaintiff cannot be the representative

of a putative class that allegedly has claims and standing that he himself does not have. Therefore,

on the face of the Complaint, Plaintiff cannot be the class representative of the potential class on

the commonality, typicality, and adequacy of representation prongs – three out of the four required

prongs for class certification as set forth in Rule 23(a).

Rule 23(a) of the Federal Rules of Civil Procedure sets forth the necessary elements for

class action certification and provides, in relevant part, as follows:

> (a) Prerequisites to a Class Action. One or more members of a class
> may sue or be sued as representative parties on behalf of all only if
> (1) the class is so numerous that joinder of all members is
> impracticable, (2) there are questions of law or fact common to the
> class, (3) the claims or defenses of the representative parties are
> typical of the claims or defenses of the class, and (4) the
> representative parties will fairly and adequately protect the interests
> of the class.

Fed. R. Civ. P. Rule 23(a).

### 1.     *Plaintiff Fails the Commonality Prong*

Commonality requires that there be "questions of law or fact common to the class."  Fed.

R. Civ. P. 23(a)(2).  In particular, "[c]ommonality requires the plaintiff to demonstrate that the

class members 'have suffered the same injury.'"  Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338,

350 (2011), quoting General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 156 (1982).

Put another way, commonality guarantees that "the individual's claim and the class claims

will share common questions of law or fact and that the individual's claim will be typical of the

class claims."  General Telephone Co. of Southwest v. Falcon, 457 U.S. at 157.  In order for

Plaintiff to meet the commonality prong of class certification, he must first prove "the validity of

his own claim" and then show that "the class claims are 'fairly encompassed' within" his claim.

Id. at 158.  Because Plaintiff was not called on his cellular telephone – a vital prerequisite for the TCPA class claims he seeks to assert – he has failed both to prove the validity of his own claim and failed to show that the class claims are fairly encompassed within his claim.  For these reasons, Plaintiff fails on the commonality prong of the class certification analysis.

### 2.    *Plaintiff Fails the Typicality Prong*

Typicality, for purposes of Federal Rule of Civil Procedure 23(a)(3), requires that a class representative's claims arise "from the same event or practice or course of conduct that gives rise to the claims of the class members" and are "based on the same legal theory." A & L Indus. v. P. Cipollini, Inc., 2013 U.S. Dist. LEXIS 142463, at *9 (D.N.J. 2013), quoting Beck v. Maximus, Inc., 457 F.3d 291, 296 (3d Cir. 2006).  Where, as here, a proposed class representative is subject to a unique defense that is not a defense of the class as a whole, that "unique defense[] bear[s] on both the typicality and the adequacy of a class representative." Beck v. Maximus, Inc., 457 F.3d at 296.  See, e.g., J.H. Cohn & Co. v. Am. Appraisal Assocs., 628 F.2d 994, 999 (7th Cir. 1980) ("[T]he presence of even an arguable defense peculiar to the named plaintiff . . . may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representative."); see also Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176, 180 (2d Cir. 1990) ("Regardless of whether the issue is framed in terms of the typicality of the representative's claims . . . or the adequacy of its representation . . . there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.").  Because Plaintiff will be subject to the unique defense of having not been called on his cellular phone – potentially destroying his TCPA claim from the start – he does not have the necessary typicality to represent the putative class.

### 3.   *Plaintiff Fails the Adequacy of Representation Prong*

The adequacy of representation requirement of Federal Rule 23(a)(4) looks at both the adequacy of the putative class counsel and the adequacy of the putative class representative. Here, the adequacy of the putative class counsel is not at issue for purposes of this motion,[2] but only the adequacy of the putative class representative.

Consideration of the adequacy of the putative class representative is a determination of "whether the named plaintiff['s] interests are sufficiently aligned with the absentees." In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 800 (3d Cir. 1995). The United States Supreme Court has repeatedly held that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." E. Tex. Motor Freight Sys. v. Rodriguez, 431 U.S. 395, 403 (1977), quoting Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208, 216 (1974).

The Plaintiff does not possess the same interest as the putative class members, nor has he suffered the same alleged injury as the putative class members. Plaintiff has not stated a viable claim under the TCPA, yet he seeks to represent a nationwide class of claimants who (according to him) do have a viable claim under the TCPA.

Plaintiff does not meet the adequacy prong, the commonality prong, or the typicality prong. Plaintiff is clearly attempting to manufacture a "class action" lawsuit to extract the maximum possible settlement from Defendant, and the Court should not allow him to move forward with his frivolous class action claims.

For these reasons, the Court should grant Defendant's Motion to strike the class allegations before expensive and extensive discovery ensues.

---

[2] Defendant reserves the right to challenge the adequacy of putative class counsel if and when it deems necessary; no waiver of such claim should be assumed or implied.

IV.   **THE COURT SHOULD STAY DISCOVERY PURSUANT TO FED. R. CIV. P. 26(C) DURING THE PENDENCY OF THIS DISPOSITIVE MOTION**

Discovery can be extremely expensive, Twombly, 550 U.S. at 558-559, perhaps as expensive in putative class action cases as in anti-trust cases.  The Court has the discretion to stay discovery during the pendency of a dispositive motion, such as the Motion currently before the Court.  See Fed. R. Civ. P. 26(c); see also In re Orthopedic Bone Screw Product Liability Litig., 264 F.3d 344, 365 (3d Cir. 2001) (finding that an order staying discovery was well within the discretion of the district court).

The case at bar is a model case for the Court to exercise its discretion to stay discovery pending the resolution of this dispositive Motion.  Defendant's Motion pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(f) seeks a determination of the law based on Plaintiff's own undisputed allegations.  If Defendant's Motion is granted, this case will be over. Any discovery performed prior to such a disposition of the Motion will be an unnecessary waste of the parties' and the Court's resources. See Mann v. Brenner, 375 F. App'x 232, 239 (3d Cir. 2010) (stating that the purpose of a 12(b)(6) motion is to "streamline[] litigation by dispensing with needless discovery and factfinding, " quoting Neitzke v. Williams, 490 U.S. 319, 326-327 (1989)).

Particularly considering the barely-there and insufficient allegations by Plaintiff in which he is attempting in vain to bootstrap one phone call into a nationwide class action, the Court should not give Plaintiff the ability to extort a nuisance settlement out of Defendant based simply on the exorbitant costs of class action discovery.  The discovery costs alone to a working, active business such as Defendant will dwarf the potential damages available to Plaintiff, even assuming everything he claims in his Complaint is true.  These discovery costs could have the effect of forcing Defendant into an unwanted and unjustified settlement, simply to avoid the excessive costs

of discovery.  It is a perverse miscarriage of justice that the costs of discovery might be the determining factor in whether the parties settle or not – not justice; not liberty; not a sense of right or wrong – but simply a calculation of what it will cost to enter into discovery versus what it will cost to settle with a plaintiff, notwithstanding the merits of a case.

A simply stay pending resolution of this Motion will change all of that, and bring justice and honor back into the equation.  Plaintiff will not be harmed whatsoever by a short stay pending resolution of this Motion.  He is not anywhere near the statute of limitations for TCPA actions, and whatever "evidence" he may have is in no danger of going stale or getting lost.  He alleges one phone call to him alone, so there is no possibility of lost witnesses.   There is no need to do any discovery before the Court rules, as the Motion can be decided without factual development. See Horsley v. Feldt, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (affirming stay of discovery during pendency of motions for judgment on the pleadings because "there was no need for discovery before the district court ruled on those motions").   In the case at bar, there is no purpose in permitting any discovery at this stage. Even if the Court does not fully dispose of the case based on Defendant's Motion, the Court's ruling will likely allow the parties to narrow down and streamline future discovery.  Weisman v. Mediq, Inc., 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995) ("[A] stay is proper where the likelihood that such motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay."). Given the posture of the case at bar and the issues presented, the Court should grant the requested stay of discovery.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court dismiss the Complaint with prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil

Procedure 12(b)(1) because Plaintiff has failed to satisfy the standing requirements of Article III; and/or dismissed the Complaint with prejudice because Plaintiff has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); or, alternatively, Defendant respectfully requests that the Court strike Plaintiff's Class Action Allegations pursuant to Federal Rule of Civil Procedure 12(f); and finally, Defendant respectfully requests that the Court stay discovery pursuant to Federal Rule of Civil Procedure 26(c) pending resolution of this Motion; and grant such other further and additional relief as the Court deems just and proper.

Respectfully Submitted,

Dated: May 25, 2017 **CREDITORS RELIEF LLC**

By:     /s/ Suzanne Iazzetta
Suzanne Iazzetta, Esq.
**IAZZETTA LAW LLC**
New Jersey Bar No. 034912005
297 Orange Road, Suite 1
Montclair, NJ 07042
Telephone:  (973) 913-4693
Fax: (888) 235-7762
Suzanne@IazzettaLaw.com
*Counsel for Defendant*