# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JEFFREY HALE, individually and on behalf of all others similarly situated, | |
| Plaintiff, | **Case No. 2:17-cv-02447** |
| v. | |
| CREDITORS RELIEF LLC, a New Jersey limited liability company. | |
| Defendant. | |

---

**DEFENDANT CREDITORS RELIEF LLC'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION: (I) TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; (II) TO DISMISS FOR FAILURE TO STATE A CLAIM; (III) IN THE ALTERNATIVE, TO STRIKE THE CLASS ACTION ALLEGATIONS; AND (IV) TO STAY DISCOVERY PENDING RESOLUTION OF THE MOTION**

Dated: June 29, 2017

Suzanne Iazzetta, Esq.
**IAZZETTA LAW LLC**
New Jersey Bar No. 034912005
297 Orange Road, Suite 1
Montclair, NJ 07042
Telephone:  (973) 913-4693
Fax: (888) 235-7762
Suzanne@IazzettaLaw.com
*Counsel for Defendant*
**CREDITORS RELIEF LLC**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................... 1

I.   The Complaint Does Not Allege That Plaintiff Received Any Calls on his
     Cellular or Wireless Telephone. ......................................................................... 2

II.  Plaintiff's Declaration cannot Fix the Deficiencies in its Complaint in the
     Context of a 12(b)(6) Motion ............................................................................. 3

III. Plaintiff Failed to Allege Sufficient Injury for Article III Standing ................. 5

     A.   Plaintiff does not allege sufficient Article III injury ................................ 5

     B.   Injuries to the putative class are not sufficient to confer Article III
          standing on Plaintiff. ............................................................................... 10

IV.  Plaintiff's Failure to State a Claim and Lack of Standing Defeat his Ability to
     Represent a Class of Purported TCPA Plaintiffs ............................................ 10

V.   Discovery Should be Stayed ............................................................................. 11

CONCLUSION ............................................................................................................ 12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Exel v. Govan</u>, 2014 <u>U.S. Dist. LEXIS</u> 8412 (D.N.J. Jan. 21, 2014) ...................................... 4

<u>Horizon Healthcare Servs. Data Breach Litig.</u>, 846 F.3d 625 (3d Cir. 2017) ....................... 7

<u>In re Nickelodeon Consumer Privacy Litig.</u>, 827 <u>F.3d</u> 262 (3d Cir. 2016) ............................ 8

<u>Kauffman v. Dreyfus Fund, Inc.</u>, 434 <u>F.2d</u> 727 (3d Cir. 1970) ............................................. 11

<u>Leyse v. Bank of Am. Nat'l Ass'n</u>, 804 F.3d 316 (3d Cir. 2015) .................................. 5, 6, 7

<u>Mayer v. Belichick</u>, 605 <u>F.3d</u> 223 (3d Cir. 2010) .................................................................... 4

<u>Mindlance, Inc. v. DeVinney</u>, 2014 <u>U.S. Dist. LEXIS</u> 54918 (D.N.J. Apr. 21, 2014) .......... 4

<u>Pryor v. NCAA</u>, 288 <u>F.3d</u> 548 (3d Cir. 2002) ........................................................................ 4

<u>Simon v. Eastern Ky. Welfare Rights Org.</u>, 426 U.S. 26 (1976) ........................................... 10

<u>Spokeo v. Robins</u>, 136 S.Ct. 1540 (2016) .................................................................... 7, 8, 10

<u>Steel Co. v. Citizens for a Better Env't</u>, 523 <u>U.S.</u> 83 (1998) .................................................. 6

<u>Sussino v. Work Out World, Inc.</u>, Case No. 15-CV 5881 (D.N.J. Aug 1, 2016) ................... 9

<u>Todd v. Citibank</u>, 2017 WL 1502796 (D.N.J. 2017) .............................................................. 8

<u>Verbanik v. Harlow</u>, 441 <u>F. App'x</u> 931 (3d Cir. 2011) ........................................................... 4

<u>Zemel v. CSC Holdings, LLC</u>, 2017 U.S. Dist. LEXIS 63398 (D.N.J. 2017) ....................... 9

**Statutes**

Fair Credit Reporting Act ....................................................................................................... 7

TCPA ............................................................................................................................. passim

**Other Authorities**

Article III of the United States Constitution .................................................................. passim

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ........................................................................ 1, 5

Federal Rule of Civil Procedure 12(b)(6) ................................................................. 1, 2, 4, 5

Federal Rule of Civil Procedure 12(d) ............................................................................... 4

Federal Rule of Civil Procedure 12(f) ................................................................................ 1

Federal Rule of Civil Procedure 56 ................................................................................... 4

**Treatises**

62 Federal Procedure, Lawyer's Edition, § 62:508 ............................................................ 4

Defendant Creditors Relief, LLC ("**Creditors Relief**" or "**Defendant**") respectfully submits this reply memorandum of law in further support of its motion to: dismiss the complaint ("**Complaint**") filed by plaintiff Jeffrey Hale ("**Plaintiff**") pursuant to Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, to strike the class action allegations pursuant to Federal Rule of Civil Procedure 12(f); and to stay discovery pending the Court's resolution of this potentially dispositive motion (collectively, the "**Motion**").

## PRELIMINARY STATEMENT

Defendant has set forth valid arguments in support of its Motion for relief.  First, because Plaintiff has failed to allege all the elements of the statute upon which his claim is based, his Complaint should be dismissed pursuant to Rule 12(b)(6).  Second, because Plaintiff has failed to allege a concrete and particularized injury-in-fact, he has failed to allege sufficient facts pursuant to which the Court has subject matter jurisdiction under Article III of the United States Constitution, and his Complaint should be dismissed pursuant to Rule 12(b)(1).  Third, because Plaintiff does not have standing under Article III and because he has failed to state a claim under the TCPA, his class action allegations should be struck from the Complaint because he cannot be a representative of a putative class where he is not a member of the class.  Finally, because the resolution of this Motion could be dispositive as to all claims in the Complaint, the Court should stay discovery until the Court decides the Motion to avoid prejudicial and costly discovery which could harm Defendant's business.

## ARGUMENT

In Plaintiff's Memorandum Opposing Motion to Dismiss, to Strike, and to Stay ("**Opposition**"), Plaintiff ignores the bulk of Defendant's Motion and disingenuously argues that Defendant's Motion "rests on two faulty premises." Opposition at 2.  First, both of the alleged

"faulty" premises are true, and second, Defendant's Motion rests on much more than the two premises that Plaintiff wishes to discuss.

Nonetheless, despite Plaintiff's attempt to distract this Court with its alternative version of the facts, the actual facts are these:  (1) Plaintiff's Complaint does not allege that he received any calls on his cellular or wireless telephone, defeating his TCPA claim at the outset; (2) Plaintiff's submission of a Declaration cannot be used to fix the deficiencies in its Complaint in the context of a 12(b)(6) motion; (3) although Plaintiff's failure to allege the necessary elements required to state a claim under the TCPA is sufficient to dismiss Plaintiff's Complaint, Plaintiff also failed to allege sufficient injury for Article III standing (an issue that has nothing to do with statutory standing, which was the issue before the Third Circuit in <u>Leyse v. Bank of Am. Nat'l Ass'n</u>, 804 F.3d 316, 323 (3d Cir. 2015)); (4) because Plaintiff has failed to state a claim and does not have standing, the class allegations are moot and should be stricken from the Complaint; and (5) because the issues in this Motion may be dispositive, the Court should stay discovery pending resolution of the Motion out of fairness to Defendant and because it will cause no hardship to Plaintiff.

Plaintiff's Opposition and its specious grasp of the contours of standing does not change any of these facts.  For these reasons, the Court should grant Defendant's Motion.

## I.   The Complaint Does Not Allege That Plaintiff Received Any Calls on his Cellular or Wireless Telephone.

Plaintiff may not like this fact, but it is a fact.  Plaintiff's Complaint omits one of the essential elements for a claim under the stated section of the TCPA – an allegation that he received the subject call on his cellular phone.  This is a fatal omission to Plaintiff's TCPA claim, and a fatal flaw to Plaintiff's Complaint, requiring dismissal.

The specific section of the TCPA that Plaintiff alleges Defendant violated is 47 U.S.C. § 227(b)(1)(A)(iii), which provides,

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States."

47 U.S.C. § 227(b)(1)(A)(iii). Without having alleged that he received the phone call on a paging service, cellular telephone service, specialized mobile radio service, or another radio common carrier service, or any service for which he was charged for the call, Plaintiff has failed to state a claim under 47 U.S.C. § 227(b)(1)(A)(iii), and his claim must fail.

Plaintiff did not address this argument in his Opposition, other than to falsely claim that he "has alleged he was called on his cell phone." Opposition at 2. Significantly, Plaintiff could not point to the paragraph or paragraphs in the Complaint where such allegation was made. He did not make the allegation, and for this reason alone, the Court should grant Defendant's Motion to Dismiss based on Plaintiff's failure to state a claim.

## II.    Plaintiff's Declaration cannot Fix the Deficiencies in its Complaint in the Context of a 12(b)(6) Motion

Attached to its Opposition, Plaintiff submitted an affidavit, the Declaration of Jeffrey Hale ("**Hale Declaration**"), in an apparent attempt to fix the deficiency in his pleadings. Although Plaintiff did not explain the reasoning behind the inclusion of the Hale Declaration, he appears to expect this Court to graft the statements from the Hale Declaration onto his deficient Complaint.

First, and most importantly, an affidavit submitted in opposition to a motion to dismiss for failure to state a claim "cannot be used to allege facts that should otherwise be pleaded in the Complaint." Mindlance, Inc. v. DeVinney, 2014 U.S. Dist. LEXIS 54918, at *15 n.5 (D.N.J. Apr.

3

21, 2014). Clearly, the Court cannot allow Plaintiff to supplement its inadequate Complaint in this manner in an attempt to defeat Defendant's 12(b)(6) motion.

Second, when ruling on a motion to dismiss under Federal Rule of Procedure 12(b)(6), however, a court generally does not consider matters outside the pleadings. Pryor v. NCAA, 288 F.3d 548, 560 (3d Cir. 2002) ("'As a general rule, the court may only consider the pleading which is attacked by an FRCP 12(b)(6) motion in determining its sufficiency.'" (quoting 62 Federal Procedure, Lawyer's Edition, § 62:508)); *see also* Exel v. Govan, 2014 U.S. Dist. LEXIS 8412, at *16 (D.N.J. Jan. 21, 2014) (same). When a court does consider matters outside the pleadings in the context of a 12(b)(6) motion, it only considers documents attached to the complaint, matters of public record, and documents upon which the plaintiff's claims are based. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.")

The Hale Declaration was not attached to the Complaint; it is not a matter of public record; and it is not a document upon which Plaintiff's claim was based. The Hale Declaration is simply an attempt to supplement the deficiencies of Plaintiff's pleadings in the face of Defendant's challenge to the pleading's inadequacies. As such, the Court cannot consider the Hale Declaration in deciding the 12(b)(6) Motion.

In certain instances, a court will use its discretion to consider matters outside of the pleadings that are not one of the above 12(b)(6) exceptions (exhibit attached to the complaint, matter of public record, authentic document upon which claim is based), but in those cases, Federal Rule 12(d) requires that "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see also* Verbanik v. Harlow, 441 F. App'x 931, 934 (3d Cir. 2011)

("the Rules of Civil Procedure provide that if, on a motion to dismiss, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" (internal quotations omitted)).  In the context of a 12(b)(6) motion to dismiss, however, the Plaintiff's attempt to "fix" its inadequate pleading through the use of the Hale Declaration is improper.  Therefore Court should decline to consider the Hale Declaration, and should grant Defendant's 12(b)(6) motion to dismiss.

### III.   Plaintiff Failed to Allege Sufficient Injury for Article III Standing

In addition to failing to properly allege a claim for which relief can be granted, Plaintiff has failed to allege sufficient actual, concrete, and particularized injury as required for Article III standing, and therefore the Court should grant Defendant's Motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

#### A.    Plaintiff does not allege sufficient Article III injury

Here again, Plaintiff submits his alternative version of the facts in his Opposition and states, without reference to any actual place in his pleadings, that "[t]he Complaint sufficiently alleges an injury in fact that is fairly traceable to the Defendant's conduct and that can be redressed by a favorable decision."  Opposition at 2.  Plaintiff does not advise the Court where in the Complaint he alleges such injury, he simply says that he made the allegation, and then spends a number of pages reciting the applicable law.  Such conclusory allegations are exactly the problem with Plaintiff's Complaint, and he has carried this deficiency over into his Opposition.

Moreover, Plaintiff has completely misstated the holding in Leyse v. Bank of Am. Nat'l Ass'n, 804 F.3d 316 (3d Cir. 2015) by suggesting to this Court that the Leyse court "found Article III standing sufficiently alleged in a TCPA case."  Opposition at 4, n.3.  Plaintiff has confused statutory standing and Article III standing.  The Leyse decision was about statutory standing, not

Article III standing.  Defendant here has argued that Plaintiff does not have Article III standing.

For some reason, however, Plaintiff incorrectly cites to Leyse for the proposition that he has Article

III standing because he is "within the 'zone of interests' protected by the TCPA, and [has] both

Article III and statutory standing."  Opposition at 3, purporting to quote Leyse at 323.  As is clear

to anyone who actually reads the Leyse decision, the Leyse court's discussion of "zone of interests"

has to do with a statutory standing analysis, and whether a TCPA claim could be maintained by

plaintiff Leyse when he was not the intended recipient of the subject phone call.  Because he was

not the intended recipient of the phone call, the court was forced to analyze whether Leyse was

within the "zone of interests" contemplated by Congress when passing the TCPA.  This is a matter

of statutory standing and has nothing to do with the Article III standing argument before this Court.

"Statutory standing goes to whether Congress has accorded a particular plaintiff the right

to sue under a statute."  Leyse, 804 F.3d at 320.  Article III standing goes to whether there a

plaintiff has suffered a sufficient "injury-in-fact" to invoke the "case or controversy" doctrine

under Article III of the U.S. Constitution which would then allow a federal court to take jurisdiction

over a matter and decide the merits of a claim.  Steel Co. v. Citizens for a Better Env't, 523 U.S.

83, 102 (1998) ("Article III, § 2 of the Constitution extends the "judicial Power" of the United

States only to "Cases" and "Controversies.").

Statutory standing and Article III standing are entirely different issues and require entirely

different analyses. Indeed, even the Leyse court was clear about the dual requirements of statutory

standing and Article III standing for a claim under the TCPA:

> Congress's broad grant of statutory standing [under the TCPA]
> would not enable every "person or entity" to sue under the [TCPA].
> Article III of the Constitution imposes its own standing
> requirements, and only certain plaintiffs will have suffered the
> particularized injury required to maintain an action in federal court
> for a statutory violation.

6

Leyse at 323, quoting 47 U.S.C. § 227(b)(3).

Despite the fact that statutory standing has nothing to do with the matter *sub judice*, Plaintiff incredibly suggests that the holding in Leyse – an analysis of statutory standing – should somehow "control" the Court's analysis in the case at bar.  Complaint at 4.

Clearly, however, because Leyse has nothing to do with an analysis of Article III standing, Leyse has nothing to do with the Article III analysis in the case before this Court.

Plaintiff also misstates the court's holding in Horizon Healthcare Servs. Data Breach Litig., 846 F.3d 625 (3d Cir. 2017) vis-à-vis the U.S. Supreme Court's decision in Spokeo v. Robins, 136 S.Ct. 1540 (2016).  The Horizon court did not reject the Spokeo holding when it determined that the plaintiff in Horizon had Article III standing to bring a claim under the Fair Credit Reporting Actt ("**FCRA**").  Indeed, the Horizon court expressly stated that "[i]t is nevertheless clear from *Spokeo* that there are some circumstances where the mere technical violation of a procedural requirement of a statute cannot, in and of itself, constitute an injury in fact."  Horizon Healthcare Servs., 846 F.3d at 638.  Instead, the Horizon court found that because "with the passage of FCRA, Congress established that the unauthorized dissemination of personal information by a credit reporting agency causes an injury in and of itself . . . [and] that Congress properly defined an injury that 'give[s] rise to a case or controversy where none existed before.'"  In re Horizon Healthcare Servs. Data Breach Litig., 846 F.3d 625, 639-640, quoting Spokeo at 1549.

The Horizon holding was not a rejection of Spokeo – the court acknowledged Spokeo and found that the plaintiffs in that case sufficiently alleged a concrete and particularized injury that met the Article III requirements. Therefore, contrary to Plaintiff's spin, the Horizon decision does not detract from the decision in Spokeo in any way whatsoever.

Plaintiff similarly misrepresents (or misreads) the holding in In re Nickelodeon Consumer Privacy Litig., 827 F.3d 262, 274 (3d Cir. 2016), where the court found that the plaintiffs had Article III standing because they had alleged an injury that was "clearly particularized," "concrete," and "involve[d] a clear *de facto* injury."  Nickelodeon Consumer Privacy Litig., 827 F.3d at 274.  The Nickelodeon court even explained how the Spokeo holding informed its decision: "Insofar as *Spokeo* directs us to consider whether an alleged injury-in-fact 'has traditionally been regarded as providing a basis for a lawsuit,' . . . Congress has long provided plaintiffs with the right to seek redress for unauthorized disclosures of information that, in Congress's judgment, ought to remain private."  Nickelodeon, 827 F.3d at 274.  Therefore, the Nickelodeon court concluded, because the plaintiffs – all children younger than 13 – had alleged that the defendants had unlawfully collected and disclosed legally protected information about them without proper authorization, the plaintiffs in that case, under those facts had alleged sufficient concrete and particularized injury so as to confer Article III standing.  The Nickelodeon case does not refute Defendant's argument one iota.

Plaintiff incredibly points to Todd v. Citibank, 2017 WL 1502796 (D.N.J. 2017) as some sort of "proof" that the alleged injury he sustained from ONE phone call is somehow comparable to the alleged injuries sustained by the plaintiff in Todd – who received approximately 350 calls. Todd v. Citibank, 2017 WL 1502796 at *19.  Although Plaintiff quoted Todd as specifically stating that "the harm claimed by Plaintiff, **under these specific facts**, is precisely that which the TCPA was intended to guard against," Todd at *19 (emphasis added), he somehow implies to this Court that the facts do not matter.

The facts are these.  Plaintiff allegedly received ONE phone call and he claims that it is sufficient for Article III standing.  Unfortunately, he does not understand the difference between

statutory standing – pursuant to which one phone call is likely sufficient – and Article III standing – pursuant to which he must have suffered an actual, concrete and particularized injury <u>in addition</u> to whatever statutory standing is required.  Moreover, Plaintiff was required to allege sufficient concrete and particularized injury <u>to himself</u> – not to the purported class members – to have sufficient standing under Article III.  The specific "injuries" that Plaintiff alleged in his Complaint have been **<u>expressly rejected by this Court as insufficient to confer standing under Article III</u>**.

In <u>Sussino v. Work Out World, Inc.</u>, Case No. 15-CV 5881 (D.N.J. Aug 1, 2016), Judge Sheridan, in an oral opinion[1], found that the exact same "injuries" alleged by Plaintiff were <u>insufficient to confer Article III standing</u>.  This Court held that depletion of battery life, annoyance, nuisance, and loss of cell phone minutes occasioned by one phone call – exactly what this Plaintiff is alleging – was not enough to meet the requirements for Article III standing.

In another case filed in this Court, <u>Zemel v. CSC Holdings, LLC</u>, 2017 U.S. Dist. LEXIS 63398 (D.N.J. 2017), Judge Martinotti dismissed plaintiff's case with prejudice for the exact same reasons.  Plaintiff stated that he suffered aggravation, nuisance, invasion of privacy, and cellular telephone charges upon receiving three unsolicited text messages from defendant, and this Court found that these allegations of harm were insufficient to satisfy the "concrete" requirement for an injury-in-fact as required under Article III.

The Third Circuit has not yet decided whether a bare procedural violation of the TCPA is sufficient to satisfy the Article III injury-in-fact requirement, nor has it decided whether a procedural violation plus a conclusory, specious, and *de minimis* allegation of injury (as in the case at bar) is sufficient to satisfy the Article III injury-in-fact requirement.  In the absence of such

---

[1] Transcript was attached to Defendant's Motion, see Certification of Suzanne Iazzetta as Exhibit B.

guidance, the Court should follow its brethren in this Court and find that the alleged "injuries" suffered by this Plaintiff occasioned by the receipt of one phone call is not enough to confer Article III standing upon him, especially where he is attempting to boot strap his specious claim into a nationwide class action financial wind fall.

Plaintiff states that this Court "is not free" to decide whether the single call he received and the injuries he has alleged is sufficient to confer Article III standing on him, falling back on his statutory standing argument. Opposition at 6. Plaintiff simply does not understand the difference between the different types of standing, nor does he understand the jurisdictional requirements of Article III standing and this Court's responsibility to ensure that it operate within the confines of its Constitutional mandate.

> **B.    Injuries to the putative class are not sufficient to confer Article III standing on Plaintiff.**

Plaintiff spends much of the Complaint setting forth a litany of "injuries" that the putative class has or "could have" suffered. The Court should totally disregard such false and misleading allegations, as Plaintiff has not identified any other class member and therefore cannot truthfully allege any injury on their behalf. Importantly, such "injuries" cannot be considered when determining whether the Plaintiff has Article III standing. Spokeo, 136 S. Ct. at 1547 n.6, quoting Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 40 n.20 (1976) ("[N]amed plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.").

## IV.    Plaintiff's Failure to State a Claim and Lack of Standing Defeat his Ability to Represent a Class of Purported TCPA Plaintiffs

Because Plaintiff's TCPA claim fails, he cannot represent a class of "similarly situated plaintiffs" who allegedly have TCPA claims. The proposed class is defined, in part as "[a]ll

persons in the United States . . . who (1) Defendant . . . called, (2) on the person's cellular telephone . . . ."  Complaint, ¶ 23.  Plaintiff's failure to properly allege a claim under the TCPA means that he cannot represent a class of similarly situated plaintiffs who allegedly have a claim under the TCPA. If the named plaintiff cannot maintain the action on his own behalf, he may not seek such relief on behalf of the class.  Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727, 734 (3d Cir. 1970) ("What [a class representative] may not achieve himself, he may not accomplish as a representative of a class.").  Because Plaintiff has failed to state a TCPA claim and because he has failed to allege sufficient Article III standing to maintain the action, the claim should be dismissed; but in the alternative, the class allegations in the Complaint have been rendered moot and the Court should grant Defendant's motion to strike those allegations.

## V.    <u>Discovery Should be Stayed</u>

Plaintiff actually suggests that this Court needs proof that discovery is expensive and burdensome to a business, Opposition at 8, and does not respond at all to Defendant's suggestion that a class action attorney's desire to engage in immediate, costly, and business-interrupting discovery is merely an attempt to place its thumb on the settlement scale, Motion at 22-23.

Defendant has provided ample case support for its request that the Court refuse to allow Plaintiff to engage in any discovery until the initial, preliminary issues of the case as set forth in Defendant's Motion are decided.  Plaintiff has not refuted or even discussed any of the provided case law, but blindly states that it is merely "speculation that discovery will be expensive" and blithely states that Defendant is engaging in "wishful thinking that its motion will be granted." Opposition at 9.  To the contrary, any attorney who has ever done any litigation understands that discovery is expensive, and Defendant has merely asked **stay** discovery, not eliminate discovery. Defendant's request is simply a matter of fairness.  If Defendant's Motion is not granted, Plaintiff

will have his discovery. No harm, no foul.  However, if this Court decides in Defendant's favor,

any money and time spent on discovery during the pendency of the Motion will have been a waste

for both parties.  Why would Plaintiff desire that?  What possible reason could Plaintiff have to

forge ahead with discovery when his claims might be dismissed?  Plaintiff has nothing to lose by

a stay of discovery, while Defendant has everything to lose by a denial of a stay of discovery.  The

balance of equities is soundly in Defendant's favor.

<u>**CONCLUSION**</u>

For the reasons stated above and in Defendant's Motion to Dismiss, Plaintiff's Complaint

should be dismissed with prejudice pending resolution of this Motion; and grant such other further

and additional relief as the Court deems just and proper.

Respectfully Submitted,

**CREDITORS RELIEF LLC**

By:      /s/ Suzanne Iazzetta
          Suzanne Iazzetta, Esq.
          **IAZZETTA LAW LLC**
          New Jersey Bar No. 034912005
          297 Orange Road, Suite 1
          Montclair, NJ 07042
          Telephone:  (973) 913-4693
          Fax: (888) 235-7762
          Suzanne@IazzettaLaw.com
          *Counsel for Defendant*

Dated:  Montclair, New Jersey
           June 29, 2017