# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY HALE, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>CREDITORS RELIEF LLC, a New Jersey limited liability company,<br><br>*Defendant.* | Case No. 2:17-cv-02447 |

# PLAINTIFF'S SURREPLY MEMORANDUM OPPOSING MOTION TO DISMISS, TO STRIKE, AND TO STAY

## **TABLE OF CONTENTS**

ARGUMENT ..................................................................................................1

    I.    Plaintiff Has Not Misrepresented Law or Fact. .........................................1

        A.  *Leyse* Supports a Finding of Article III Standing. ..........................2

        B.  The Third Circuit's Post-*Spokeo* Opinions in *Nickelodeon* and *Horizon Healthcare* Also Support a Finding of Article III Standing. ...............................................................................................4

        C.  The Decisions of this Court, Like Courts Nationwide, Are Not Consistent. ................................................................................................6

    II.   Plaintiff Was Called on His Cell Phone, And May Amend as of Right To Allege That Fact If It Is Not Sufficiently Pleaded. ..................7

CONCLUSION ..............................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Horizon Healthcare Servs. Inc. Data Breach Litig.*,
   846 F.3d 625 (3d Cir. 2017) ................................................................................1, 4, 5, 7

*Leyse v. Bank of Am. N.A.*,
   804 F.3d 316 (3d Cir. 2015) ................................................................................*passim*

*In re Nickelodeon Consumer Privacy Litig.*,
   827 F.3d 262 (3d Cir. 2016) ................................................................................1, 4, 5, 7

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016) ........................................................................................*passim*

*Spokeo. Leyse v. Bank of Am. N.A.*,
   Civ. No. 11-07128 (SDW)(SCM), 2016 WL 5928683 (Oct. 11,
   2016) ..................................................................................................................3, 6

*Todd v. Citibank*,
   2017 WL 1502796 (D.N.J. 2017) .......................................................................6, 7

*Zemel v. CSC Holdings, LLC*,
   2017 WL 1503995 (D.N.J. 2017) .......................................................................6

Plaintiff is prepared to stand on his opposition brief. But because Defendant's reply brief asserts that Plaintiff has misstated the law and misrepresented the facts, Plaintiff offers this surreply brief to address those serious allegations.

## ARGUMENT

I.     Plaintiff Has Not Misrepresented Law or Fact.

Defendant apparently believes that the recent case of *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) gives every telemarketer in the land one free violation of the Telephone Consumer Protection Act as against any particular consumer because Defendant argues that a single violation is not enough to establish Article III standing (Def. Reply at 8). Plaintiff respectfully disagrees, and based on the Third Circuit's opinions in *Leyse v. Bank of Am. N.A.*, 804 F.3d 316 (3d Cir. 2015), *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262 (3d Cir. 2016), and *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625 (3d Cir. 2017), believes the Third Circuit would also disagree if presented with this issue. Because the Third Circuit has yet to address the issue, and because the unpublished opinions of the courts of this District have yet to establish consistent reasoning and clear consensus, Plaintiff respectfully urges the Court to consider these cases for the reasons stated in his opposition brief and as clarified below.

1

A. *Leyse* Supports a Finding of Article III Standing.

To clarify, the Third Circuit found TCPA statutory standing in *Leyse*, and on remand the district court found Article III standing. In the *Leyse* appeal, decided before *Spokeo*, the Third Circuit reversed dismissal a TCPA case based on statutory standing. *Leyse v. Bank of Am. N.A.*, 804 F.3d 316, 319 (3d Cir. 2015). The opinion analyzed statutory standing, distinguishing it from Article III standing, and noting that a TCPA plaintiff had to establish both. *Id.* at 323.[1] As to Article III standing, the Third Circuit noted that "only certain plaintiffs will have suffered the particularized injury required to maintain an action in federal court for a statutory violation." *Id.* (internal citation omitted). As an example of a situation outside the realm of Article III standing, the Third Circuit observed, "Someone with a generalized interest in punishing telemarketers, for example, would not qualify on that basis alone." *Id.* (internal citation omitted).

That is not the situation here. There is no dispute that the plaintiff in *Leyse* alleged more than a generalized interest in punishing telemarketers; like Plaintiff here, he alleged that he received a single unsolicited phone call in violation of the

---

[1] In his opposition brief Plaintiff stated that the Third Circuit held that the plaintiff in *Leyse* had both Article III and statutory standing (Opp. Br. at 3, and 4 n.3); because the ruling challenged on appeal addressed only statutory standing, this statement swept too broadly. Yet because an appeals court may affirm on any grounds in the record, and because the court discussed Article III standing, it seems likely that had there been any basis to challenge the plaintiff's Article III standing it would have been presented, and accepted, as grounds for affirmance. To clarify, the district court on remand did find Article III standing.

2

TCPA. *Id.* at 318-19. The Third Circuit found this sufficient to establish statutory standing, vacated dismissal, and remanded for further proceedings. *Id.* at 327.

Upon remand, this Court (Wigenton, J.) held that the plaintiff in *Leyse* had established Article III standing—even after *Spokeo*. *Leyse v. Bank of Am. N.A.*, Civ. No. 11-07128 (SDW)(SCM), 2016 WL 5928683, *5 (Oct. 11, 2016). In its discussion of Article III standing, the Court noted that "the actual recipient" of a call suffers "nuisance and invasion of privacy." *Id.* The Court held that "Plaintiff has alleged sufficient factual matter to support his claim that, by using a prerecorded message to initiate a call to Plaintiff's telephone line, Defendant caused Plaintiff to suffer a nuisance and invasion of privacy which is both concrete and particularized." *Id.*

While the Third Circuit's opinion did not address the issue directly, the district court's opinion on remand in *Leyse* did directly address Article III standing after *Spokeo* in a TCPA case, and concluded that Article III standing existed. As here, the plaintiff in *Leyse* alleged a single phone call in violation of the TCPA. So Defendant's argument that a single phone call does not establish Article III standing in a TCPA case after *Spokeo* has been expressly rejected by at least one court of this District, as a reading of the remand opinion in *Leyse* should make plain.

    B. The Third Circuit's Post-*Spokeo* Opinions in *Nickelodeon* and *Horizon Healthcare* Also Support a Finding of Article III

3

Standing.

Defendant incorrectly claims that Plaintiff "misstates the court's holding" in *Horizon Healthcare* (Reply Br. 7) and "misrepresents (or misreads) the holding" in *Nickelodeon* (Reply Br. at 8). In both *Horizon Healthcare* and *Nickelodeon*, the Third Circuit addressed—and rejected—the argument that the plaintiffs' statutory allegations were insufficient to establish Article III standing after *Spokeo*. *Nickelodeon*, 827 F.3d at 274; *Horizon Healthcare*, 846 F.3d at 640. And in both cases, the Third Circuit also rejected the argument that *Spokeo* changed the injury-in-fact standard. *Nickelodeon*, 827 F.3d at 273; *Horizon Healthcare*, 846 F.3d at 636.

The Third Circuit read *Spokeo* as identifying "two tests for whether an intangible injury (despite the obvious linguistic contradiction) [is] 'concrete'" for Article III purposes. *Horizon Healthcare*, 846 F.3d at 637. The first test looks to whether the harm is related to one traditionally regarded "as providing a basis for a lawsuit in English or American Courts." *Id.* The second is "whether Congress has expressed an intent to make an injury redressable." *Id.*; *see also Nickelodeon*, 827 F.3d at 273.

Applying the two-pronged *Spokeo* test, the Third Circuit found Article III standing in both cases. In *Nickelodeon*, the court found that "unlawful disclosure of legally protected information" was a "clear de facto injury," and that "Congress

4

has long provided plaintiffs with the right to seek redress for unauthorized disclosures of information that, in Congress's judgment, ought to remain private." *Nickelodeon*, 827 F.3d at 274. Similarly, in *Horizon Healthcare*, the Third Circuit held that "with the passage of FCRA, Congress established that the unauthorized dissemination of personal information by a credit reporting agency causes an injury in and of itself," and that this harm "has a close relationship to a harm [i.e. invasion of privacy] that has traditionally been regarded as providing a basis for a lawsuit." *Horizon Healthcare*, 846 F.3d at 639.

So it is here. With the passage of the TCPA, Congress has established that an unsolicited robocall received on a home or cell phone causes an injury in and of itself; and, as the district court observed in the *Leyse* remand, that harm resembles nuisance and invasion of privacy, both traditional torts. A concrete *de facto* injury has been alleged. As the plaintiffs in *Nickelodeon* and *Horizon Healthcare* established Article III standing (*see* Reply Br. at 7-8), Plaintiff does in this case.

> C. The Decisions of this Court, Like Courts Nationwide, Are Not Consistent.

Defendant urges the Court to "follow its brethren" in finding that a single phone call does not establish Article III standing under *Spokeo* (Reply Br. at 10). With utmost respect, the other cases in this district illustrate the inconsistent results that have already arisen here and nationwide in interpreting *Spokeo*, and are likely to continue as defendants argue that *Spokeo* creates a "de minimis" exception to

5

injury-in-fact.² While a large number statutory violations clearly establish Article III standing even after *Spokeo*, *see Todd v. Citibank*, 2017 WL 1502796, *19 (D.N.J. 2017), when the numbers are smaller, the decisions are not consistent. *Compare Leyse*, 2016 WL 5928683, *5 (denying motion for judgment on the pleadings because one violation establishes Article III standing) with *Zemel v. CSC Holdings, LLC*, 2017 WL 1503995, *5 (D.N.J. 2017) (granting motion to dismiss without prejudice because three violations do not establish standing). In any event, none of these decisions—most especially the oral order Defendant's counsel obtained in another case from another judge of this Court (see Reply Br. at 9)—bind this Court. If Congress had wanted the TCPA to apply only to violations subsequent to a first (or third, or tenth) violation, it could have written the statute to say so. It did not. This Court should follow the Third Circuit, the *Leyse* remand opinion, and the TCPA itself in finding that Plaintiff has alleged a concrete injury sufficient to confer Article III standing.

    II.    <u>Plaintiff Was Called on His Cell Phone, And May Amend as of Right To Allege That Fact If It Is Not Sufficiently Pleaded.</u>

Because Defendant asserts that Plaintiff "falsely" claimed he alleged he was called on his cell phone (Reply Br. at 3), Plaintiff respectfully directs the Court's attention to paragraph 19 ("[a]t no time did Plaintiff consent to the receipt of

---

² *Please see* Opp. Br. at 4 for citations to opinions of the Ninth and Eleventh Circuits, both of which have found Article III standing in TCPA cases.

6

autodialed calls to his cellular telephone from Creditors Relief"), paragraph 20 ("the calls interfered with Plaintiff's and the other Class members' use and enjoyment of their cellphones"), and paragraph 33 ("Defendant made unsolicited and unwanted telemarketing calls to telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class on their cellular telephones in an effort to sell its products and services,") as well as other paragraphs of the initial Complaint making clear that it is a cell phone at issue in this case (Compl. ¶¶ 7-11, 21-23, 27, 30, 33, 39-40). This is not a situation where Plaintiff is alleging a new kind of activity not covered by the TCPA (which, incidentally, also covers certain calls to landlines), or where the Complaint as a whole is not clear about what is being alleged; at most, Defendant appears to be taking issue with the fact that paragraphs 15-17 of the Complaint do not include the word "cell" to modify "phone." If the Court agrees with Defendant that the absence of the word "cell" in these paragraphs renders Plaintiff's pleading fatally deficient, Plaintiff may still amend as of right and is prepared to do so to allege the facts stated in his affidavit.

## CONCLUSION

Defendant is certainly entitled to distinguish the Third Circuit's opinions in *Leyse*, *Nickelodeon*, and *Horizon Healthcare*, as well as the district court opinion in *Todd v. Citibank*. But here Defendant goes much farther than that, repeatedly accusing Plaintiff of dishonesty, misrepresentation, and failure to understand the

7

applicable facts and law.  Plaintiff respectfully offers this surreply brief in response in the event it will be of assistance to the Court, and urges the Court to deny Defendant's motion in its entirety.

                                          Respectfully submitted,

                                          **JEFFREY HALE**, individually and on behalf of all others similarly situated,

Dated: July 3, 2017                 By: /s/Stefan Coleman
                                                 One of Plaintiff's Attorneys

                                          Stefan L. Coleman
                                          LAW OFFICES OF STEFAN COLEMAN, P.A.
                                          1072 Madison Ave, Lakewood, NJ 08701
                                          Tel: 877.333.9427
                                          Fax: 888.498.8946
                                          Law@StefanColeman.com

                                          Blake J. Dugger*
                                          LAW OFFICES OF STEFAN
                                       COLEMAN, P.A.
                                         1011 W. Colter St., #236
                                         Phoenix, Arizona 85013
                                         Tel: 602.441.3704
                                         Fax: 888.498.8946
                                         blake@stefancoleman.com

                                         *pro hac vice admission

## **CERTIFICATE OF SERVICE**

    I, Stefan Coleman, an attorney, hereby certify that on July 3, 2017 I caused the above and foregoing papers to be served by sending such papers to all counsel of record via electronic mail.

s/Stefan Coleman