# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY HALE, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>CREDITORS RELIEF LLC, a New Jersey limited liability company.<br><br>      Defendant. | Case No. 2:17-cv-02447 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SUR-REPLY AS IMPROPER UNDER LOCAL RULE 7.1(d)(6)

Dated: July 4, 2017

Suzanne Iazzetta, Esq.
**IAZZETTA LAW LLC**
New Jersey Bar No. 034912005
297 Orange Road, Suite 1
Montclair, NJ 07042
Telephone: (973) 913-4693
Fax: (888) 235-7762
Suzanne@IazzettaLaw.com
*Counsel for Defendant,*
**CREDITORS RELIEF LLC**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

I.  PLAINTIFF'S SUR-REPLY SHOULD BE STRICKEN BECAUSE PLAINTIFF DID NOT REQUEST OR OBTAIN PERMISSION TO FILE A SUR-REPLY AS EXPRESSLY REQUIRED BY THE LOCAL RULES....................1

II. BECAUSE DEFENDANT DID NOT RAISE ANY NEW ARGUMENTS IN ITS REPLY, THE COURT SHOULD NOT ALLOW A SUR-REPLY. .......................2

III. PLAINTIFF'S REASONS FOR WANTING TO FILE A SUR-REPLY ARE INSUFFICIENT AS A MATTER OF LAW ................................................................3

CONCLUSION.........................................................................................................................4

## **TABLE OF AUTHORITIES**

**Cases**

Asta Funding, Inc. v. Your Wellbeing, LLC, No. 11-2202, 2015 U.S. Dist. LEXIS 141231 (D.N.J. Oct. 16, 2015)..................................................................................4

Floyd v. New Jersey Casino Com'n, No. 05-3949, 2007 U.S. Dist. LEXIS 44924 (D.N.J. June 19, 2007)......................................................................................................2

G.O.D., Inc. v. USF Corp., No. 05-551, 2007 U.S. Dist. LEXIS 73866 (D.N.J. Oct. 2, 2007) ...............................................................................................................4

In re Data Access Sys. Sec. Litig., 103 F.R.D. 130 (D.N.J. 1984) ....................................3

Metz v. United Counties Bancorp, 61 F. Supp. 2d 364 (D.N.J. 1999) .............................2

Niyogi v. Intersil Corp., No. 05-4685 2006 U.S. Dist. LEXIS 27422 (D.N.J. Apr. 26, 2006) ...............................................................................................................2

O'Brien v. New Jersey, 230 Fed.Appx. 124 (3d Cir. 2007)..............................................2

O'Brien v. State of N.J., No. 05-3809, 2006 U.S. Dist. LEXIS 17193 (D.N.J. Apr. 05, 2006) ...............................................................................................................2

Pursell v. Spence-Brown, No. 13-1571, 2013 U.S. Dist. LEXIS 96437 (D.N.J. July 2, 2013) ...............................................................................................................4

Ramirez v. U.S., 998 F. Supp. 425 (D.N.J. 1998) ............................................................1

Smithkline Beecham PLC v. Teva Pharm. United States, Inc., Nos. 04-0215, 05-0536, 2007 U.S. Dist. LEXIS 45703 (D.N.J. June 22, 2007) ............................................5

Zahl v. Local 641 Teamsters Welfare Fund, No. 09-1100, 2010 U.S. Dist. LEXIS 95603 (D.N.J. Sep. 14, 2010).........................................................................................3

**Rules**

Local Rule 7.1(d)(6)......................................................................................................1, 2

Defendant Creditors Relief, LLC ("**Creditors Relief**" or "**Defendant**")) respectfully submits this memorandum of law in support of its motion to strike the sur-reply filed by Plaintiff Jeffrey Hale ("**Plaintiff**") as improper under Local Rule 7.1(d)(6).

Currently before the Court is Defendant's Motion: (I) to Dismiss for Lack of Subject Matter Jurisdiction; (II) to Dismiss for Failure to State a Claim; (III) in the Alternative, to Strike the Class Action Allegations; and (IV) to Stay Discovery Pending Resolution of this Motion ("**Motion to Dismiss**") (Docket No. 9). Plaintiff filed an opposition to the Motion to Dismiss ("**Opposition**") (Docket No. 13), and Defendant filed a reply ("**Reply**") (Docket No. 14). Although the Motion to Dismiss was fully submitted at that point, Plaintiff filed a sur-reply ("**Sur-reply**") (Docket No. 15), without having requested or received this Court's permission. For the reasons that follow, Plaintiff's Sur-Reply should be stricken from the record and not considered by this Court.

### I. PLAINTIFF'S SUR-REPLY SHOULD BE STRICKEN BECAUSE PLAINTIFF DID NOT REQUEST OR OBTAIN PERMISSION TO FILE A SUR-REPLY AS EXPRESSLY REQUIRED BY THE LOCAL RULES

The Local Rules of this Court clearly provide that "[n]o sur-replies are permitted without permission of the Judge or Magistrate Judge to whom the case is assigned." L. Civ. R. 7.1(d)(6). Here, Plaintiff's sur-reply is improper because he filed it without even having <u>requested</u> permission of the Judge or Magistrate Judge. <u>Ramirez v. U.S.</u>, 998 F. Supp. 425, 428 n.1 (D.N.J. 1998) (where party "neither requested nor received permission from the Court to submit . . . a surreply," the court would not consider the sur-reply).

The remedy for Plaintiff's violation of the Local Rules of this Court is to strike the improperly filed sur-reply. <u>Metz v. United Counties Bancorp</u>, 61 F. Supp. 2d 364, 382 (D.N.J. 1999) (striking sur-reply as unauthorized under local rules, stating "a sur-reply paper is not

1

permitted under L. Civ. R. 7.1 unless the court grants specific permission at its own discretion."); see also Niyogi v. Intersil Corp., No. 05-4685 (Judge Anne E. Thompson), 2006 U.S. Dist. LEXIS 27422, at *8 (D.N.J. Apr. 26, 2006) ("[b]ecause Plaintiff did not request permission to file a sur-reply, the Court will strike his sur-reply"); see also Floyd v. New Jersey Casino Com'n, No. 05-3949 (Judge Renee Marie Bumb), 2007 U.S. Dist. LEXIS 44924, at *1 (D.N.J. June 19, 2007) (disregarding plaintiff's impermissible sur-reply that was filed without the Court's permission); see also O'Brien v. State of N.J., No. 05-3809 (Judge Garrett E. Brown), 2006 U.S. Dist. LEXIS 17193, at *1 n.1 (D.N.J. Apr. 05, 2006) (striking plaintiff's sur-reply that was filed without prior Court approval as impermissible under L.Civ.R. 7.1(d)(6)), aff'd O'Brien v. New Jersey, 230 Fed.Appx. 124 (3d Cir. 2007).  The Court should grant Defendant's Motion to Strike Plaintiff's Sur-reply based on Plaintiff's failure to follow the Rules of this Court and seek leave of this Court to file the Sur-reply.

**II.     BECAUSE DEFENDANT DID NOT RAISE ANY NEW ARGUMENTS IN ITS REPLY, THE COURT SHOULD NOT ALLOW A SUR-REPLY.**

Even if Plaintiff *post hac* requests permission to file a sur-reply, the Court should deny such request because Defendant did not raise any new arguments in its Reply. Simply because Plaintiff disagrees with Defendant is not sufficient reason to file a sur-reply.

As a matter of policy and good judicial order, "[t]he Local Rules of the District Courts of New Jersey are designed to facilitate a full presentation of the legal issues on any motion. These local rules provide for the moving party's brief, an opposing brief by the non-moving party and finally a reply brief by the moving party." In re Data Access Sys. Sec. Litig., 103 F.R.D. 130, 149 (D.N.J. 1984).  Although the Court has the discretion pursuant to Local Rule 7.1(d)(6) to allow a party to file a sur-reply where the Court deems it necessary, a court generally only exercises that discretion in the rare cases where a party asserts new arguments in a reply brief.

"[A] sur-reply is meant only to address new issues raised by the opposing party for the first time in a reply brief." Zahl v. Local 641 Teamsters Welfare Fund, No. 09-1100 (Judge William J. Martini), 2010 U.S. Dist. LEXIS 95603, at *9 (D.N.J. Sep. 14, 2010) (refusing to consider defendant's sur-reply brief). For example, in G.O.D., Inc. v. USF Corp., No. 05-551 (Judge Esther Salas), 2007 U.S. Dist. LEXIS 73866, at *2 n.2 (D.N.J. Oct. 2, 2007), the Court refused to consider the sur-reply filed by defendant, first explaining that the filing of the sur-reply was improper because it was filed without permission, and next explaining that "[p]laintiff's reply brief raised no new issues of law that would warrant submission of a sur-reply brief." Conversely, in Pursell v. Spence-Brown, No. 13-1571 (Judge Freda L. Wolfson), 2013 U.S. Dist. LEXIS 96437, at *8 (D.N.J. July 2, 2013), the defendant requested permission to file a sur-reply and "was granted leave to file a sur-reply in light of the several new arguments made in [p]laintiffs' reply."

Further, if Plaintiff truly believed that Defendant did raise new arguments in its Reply, Plaintiff could have sought leave from the Court to file a sur-reply, pointing out to the Court which new arguments required a sur-reply.  Plaintiff did not seek such leave.  "If new arguments are raised, and if they required a response, a party should seek leave to file such a reply. That was not done here."  Asta Funding, Inc. v. Your Wellbeing, LLC, No. 11-2202 (Judge Kevin McNulty), 2015 U.S. Dist. LEXIS 141231, at *3 (D.N.J. Oct. 16, 2015).

### III.  PLAINTIFF'S REASONS FOR WANTING TO FILE A SUR-REPLY ARE INSUFFICIENT AS A MATTER OF LAW

In his Sur-Reply, Plaintiff helpfully explains the reason why he decided to file a reply brief:  he claims that "Defendant's reply brief asserts that Plaintiff has misstated the law and misrepresented the facts."  Sur-reply at 1.  In other words, Plaintiff disagrees with Defendant's position on the state of the law as set forth in its Reply, and how that law applies to the facts.

3

Respectfully, that is the normal course of events during civil litigation and not grounds for a "second bite at the apple." Moreover, it is not sufficient reason to file a sur-reply, and certainly not reason to fail to comply with the Local Rules.

Defendant's Reply did not raise any new arguments that would require a sur-reply. A review of the Reply will show that Defendant properly used the Reply to respond to arguments made in Plaintiff's opposition brief and to further explain positions already taken in the initial Motion. Smithkline Beecham PLC v. Teva Pharm. United States, Inc., Nos. 04-0215, 05-0536 (Judge Noel L. Hillman), 2007 U.S. Dist. LEXIS 45703, at *3 (D.N.J. June 22, 2007) ("The law is clear that reply briefs should respond to arguments raised in the opposition brief, or explain a position in the initial brief that the respondent refuted."). Defendant did not raise one new argument in the Reply, and therefore Plaintiff should not be allowed to flaunt the Rules of this Court simply because he disagrees with Defendant's interpretation of the case law and its application to the facts in the case at bar.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court strike Plaintiff's Sur-Reply; and grant such other further and additional relief as the Court deems just and proper.

Dated: July 4, 2017   **CREDITORS RELIEF LLC**

By:    /s/    Suzanne Iazzetta
   Suzanne Iazzetta, Esq.
   **IAZZETTA LAW LLC**
   New Jersey Bar No. 034912005
   297 Orange Road, Suite 1
   Montclair, NJ 07042
   Telephone: (973) 913-4693
   Fax: (888) 235-7762
   Suzanne@IazzettaLaw.com
   *Counsel for Defendant*

4