

5 Greentree Centre
525 Route 73 North, Suite 410
Marlton, NJ 08053
P: 856.797.9951 | F: 856.797.9978

1515 Market Street, Suite 1200
Philadelphia, PA 19102
P: 215.564.1721 | F: 215.564.1769

315 Madison Ave., 3rd Floor
New York, NY 10017
P: 646.979.3642

January 16, 2018

**VIA ECF**

Honorable Mark Falk
U.S. District Court
USPO & Courthouse
1 Federal Sq., Room 457
Newark, New Jersey 07101

    Re:    Hale v. Creditors Relief LLC
           Case No.: 2:17-cv-02447-JMV-MF
           **L. Civ. RULE 37.1(a)(1)(a) Letter**

Dear Magistrate Judge Falk:

    Along with the Law Offices of Stefan Coleman, PLLC and Hiraldo P.A., we represent the plaintiff Jeffrey Hale ("Plaintiff") and the putative class in the above referenced matter. In accordance with L.Civ. Rule 37.1(a)(1)(a), we write to advise the Court of a discovery dispute and respectfully request the scheduling of a telephone conference to resolve the same.

    By way of brief background, all counsel engaged in a Fed. R. Civ. Proc. Rule 26(f) conference on <u>November 2, 2017</u>. On that same day, Plaintiff's counsel served upon counsel for defendant, *inter alia*, Rule 34 request for documents. Pursuant to the express mandates of the amended Fed. R. Civ. Proc., defendant's responses to these 34 requests were due on **December 2, 2017**. Specifically, Rule 26(d)(2) provides that either party may issue early Rule 34 requests for documents 21 days after service of the summons and complaint. Rule 26(d)(2)(B) further provides that these early requests are **deemed to have been served at the first Rule 26(f) conference**. Moreover, Rule 34(2)(A) provides: "The party to whom the request is directed must respond in writing within 30 days after being served or – if the request was delivered under Rule 26(d)(2) – **within 30 days after the parties' first Rule 26(f) conference**." (emphasis added). As such and at this juncture, defendant's responses to the Rule 34 requests for documents are a full month overdue in accordance with the 2015 amendments to the Federal Rules of Civil Procedure.

Stephen P. DeNittis** | Joseph A. Osefchen | Shane T. Prince* | Ross H. Schmierer** | Joseph A. D'Aversa

\* Member of the NJ & PA Bar
\*\* Member of the NJ & NY Bar
† Certified Civil Trial Attorney by the Supreme Court of New Jersey



Hon. Mark Falk
January 16, 2018
Pg. | 2

In addition, the Rule 26(f) conference triggered defendant's obligations to provide its Rule 26(a) initial disclosures. Specifically, Rule 26(a)(1)(C) provides that one must make such disclosures "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." (emphasis added). Once again, however, defendant has failed to abide by its discovery obligations.

In light of the foregoing, Plaintiff's counsel sent a good faith email to defendant's counsel on January 8, 2018 requesting the overdue demands. Defendant remained silent. On January 10, 2018, Plaintiff renewed its good faith request and advised counsel that we would make an application to the Court if they failed to respond by Friday, January 12th. Once again, Defendant just simply ignored Plaintiff's counsel's email and eschewed our good faith efforts.

To make matters even worse, Plaintiff had actually made good faith efforts in December to secure this overdue discovery. Specifically, on December 8, 2017, Plaintiff's counsel requested responses to the Rule 34 demands via email. However, Defendant refused claiming that "discovery is premature" because: (i) the court has not decided its pending motion to dismiss; (ii) the case has not scheduled an initial conference; and (iii) the court has not approved a case management plan. For the reasons set forth below, the Plaintiff respectfully submits that these averments have no merit.

*First*, the Court has **not** entered a stay in this case. Rather, Defendant opted to include a request to stay this matter within an omnibus motion to dismiss this case and strike the class allegations. Defendant failed to make a separate motion for a stay, however, and instead opted to include a request for this relief as a branch of a motion to dismiss. In short, the Court has not granted defendant's request to stay this matter and thus, Plaintiff submits that the defendant must still comply with its obligations under the Federal Rules of Civil Procedure.

*Second*, Plaintiff respectfully submits that the absence of a scheduling order and/or approval of a joint discovery plan does not free Defendant from its clear discovery obligations. Rather, Rule 26(f)(1) and Rule 16(b)(1)(A) envision the parties engaging in a meaningful and productive conference well before the scheduling Order is issued by the Court. Indeed, the Local Rules of the District of New Jersey do not dictate otherwise. In other words, the scheduling of a Rule 16 conference has absolutely no bearing on Defendant's obligations to comply with the time to provide its Rule 26(a) initial disclosures or respond to Rule 34 demands served under the New Rule 26(d)(2) provisions.

Hon. Mark Falk
January 16, 2018
Pg. | 3

      Because defendant's counsel has refused to provide their client's overdue responses to the Rule 34 request for documents and issue its Rule 26(a) initial disclosures in direct contravention to the express mandates of the amended Federal Rules of Civil Procedure, Plaintiff respectfully requests that the Court schedule a telephone conference to address the same.

      We thank the Court for its courtesies.

                                        Respectfully submitted,

                                        **DeNITTIS OSEFCHEN PRINCE, P.C.**

                                        Ross H. Schmierer, Esq.

cc:     Sandra T. Jimenez, Esq.  (via email and ECF)
         Mercedes Colwin, Esq. (via email and ECF)
         *Attorneys for Defendants*