Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY HALE, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>CREDITORS RELIEF LLC,<br><br>*Defendant.* | Civil Action No. 17-2447 (JMV) (MF)<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter is a putative class action based on alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"). Currently pending before the Court is the motion of Defendant Creditors Relief LLC's ("Creditors Relief" or "Defendant") to dismiss Plaintiff Jeffrey Hale's Complaint, or in the alternative, to strike the class allegations made in the Complaint and to stay discovery. D.E. 9. The Complaint alleges that Defendant ran afoul of the TCPA by using an automatic telephone dialing system ("ATDS") to call Plaintiff without his consent. The Court reviewed the parties' submissions[1] and decided the motion without oral

---

[1] The following briefs were submitted in connection with this motion: Memorandum of Law in Support of Defendant's Motion: (I) to Dismiss for Lack of Subject matter Jurisdiction; (II) to Dismiss for Failure to State a Claim; (III) in the Alternative, to Strike the Class Allegations; and (IV) to Stay Discovery Pending Resolution of this Motion, D.E. 10, hereinafter "Defendant's Brief" or "Def. Br."; Plaintiff's Memorandum Opposing Motion to Dismiss, to Strike, and to Stay, D.E. 13, hereinafter "Opposition" or "Opp."; Defendant Creditors Relief LLC's Reply Memorandum in Further Support of its Motion, D.E. 14, hereinafter "Reply" or "Reply Br."; Plaintiff's Surreply Memorandum Opposing Motion to Dismiss, to Strike, and to Stay, D.E. 15, hereinafter "Sur Reply."

argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED** based on Federal Rule of Civil Procedure 12(b)(6).

## I. Factual Background and Procedural History

The following facts are taken from the Complaint. D.E. 1. Defendant Creditors Relief offers debt relief and debt consolidation services. Compl. at ¶¶ 6-7. "[I]n an attempt to promote Defendant's business and services," Defendant has employed a "telemarketing campaign" that uses an ATDS to reach potential customers. *Id.* at ¶¶ 7-8. An ATDS "has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and dial such numbers, *en masse*, in an automated fashion without human intervention." *Id.* at ¶ 13 (emphasis in original).

Plaintiff received an unsolicited call from Defendant on March 8, 2017. *Id.* at ¶ 15. The Complaint does not specify if Plaintiff received this call on a landline or a cellular telephone. Plaintiff alleges that he "noticed a 1-3 second pause before being connected to a live agent," which is "indicative of the use of an ATDS." *Id.* at ¶ 16. Plaintiff states that the purpose of the call was to "solicit[] Plaintiff" to use Defendant's services. *Id.* at ¶ 17. Plaintiff spoke to the Creditors Relief representative and asked for an email from the representative during the conversation. *Id.* at ¶ 18.

Plaintiff makes class allegations against Defendant, claiming that "hundreds, if not thousands" of people have received similar calls from Defendant, and that all (including Plaintiff) have suffered injuries including "aggravation, annoyance" and loss of value and use of their cellular phones. *Id.* at ¶¶ 11, 25. The Complaint defines the potential class as:

> All persons in the United States from four years to the filing on the instant action through the present who (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) for the purpose of selling Defendant's

2

products and services, (4) using an automated telephone dialing system, and (5) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.

*Id.* at ¶ 23. The Complaint alleges one count for violation of the TCPA, and seeks both monetary and injunctive relief. *Id.* at ¶¶ 32-41.

Plaintiff filed the Complaint on April 10, 2017. D.E 1. Defendant filed the instant motion on May 25, 2017. D.E. 9. Among other things, Defendant argues that Plaintiff does not have standing to bring this matter and also asserts that Complaint is not plausibly pled. Plaintiff filed an opposition, D.E. 13, to which Defendant replied, D.E. 14. Without leave of Court, Plaintiff filed a sur-reply, D.E. 15, which Defendant seeks to strike, D.E. 16. Plaintiff filed a letter on the docket, D.E. 18, notifying the Court of recently decided supplemental authority, and then filed a second notice of supplemental authority. D.E. 30.

## II. Standard of Review

### a. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits a motion to dismiss for "lack of subject-matter jurisdiction[.]" Here, Defendant claims that Plaintiff lacks standing. In deciding a Rule 12(b)(1) motion to dismiss, a court must first determine whether the party presents a facial or factual attack because that distinction determines how the pleading is reviewed. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015). A close reading of Defendant's brief makes clear that it asserts a facial attack because it "attack[s] the sufficiency of the [] complaint on the grounds that the

3

pleaded facts d[o] not establish constitutional standing." *In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 632-3 (3d Cir. 2017) (internal citations omitted). Thus, the Court will accept Plaintiff's factual claims as true, and apply the same standard of review as it would under a motion to dismiss under 12(b)(6). *Id.* at 633.

**b. 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### III. Analysis

#### a. Rule 12(b)(1)

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Zemel v. CSC Holdings LLC*, 2017 WL 1503995, at *2 (D.N.J. April 26, 2017). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy," and it thus "limits the category of litigants empowered to maintain a lawsuit in federal court." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). On a motion to dismiss for lack of standing, "the plaintiff bears the burden of establishing the elements of standing." *Zemel*, 2017 WL 1503995, at *2 (internal citations omitted). The three elements of standing are: "(1) an injury in fact that is actual, not 'conjectural' or 'hypothetical;' (2) a causal connection between the injury and the conduct complained of; and (3) a showing that it is likely that a favorable decision will redress the injury." *City Select Auto Sales, Inc. v. David Randall Associates, Inc.*, 296 F.R.D. 299, 309 (3d Cir. 2013) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). An injury in fact must be "concrete and particularized," and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan*, 504 U.S. at 560.

Defendant's argument that Plaintiff has failed to adequately plead Article III standing is premised in part on *Susinno v. Work Out World, Inc.*, 2017 WL 5798643 (D.N.J. Nov. 28 2017), which has since been reversed by the Third Circuit. Def. Br. at 9-10; *see Susinno v. Work Out World, Inc.*, 862 F.3d 346 (3d Cir. 2017) (reversing the district court's dismissal of plaintiff's TCPA claim for lack of Article III standing). The Third Circuit reviewed whether the TCPA prohibited the conduct the plaintiff alleged, and whether the harm that she alleged was "sufficiently concrete" to confer Article III standing. *Susinno*, 862 F.3d at 348. The *Susinno* court answered both inquiries in the plaintiff's favor although the plaintiff had not answered the single telephone

call at issue; rather, the call went to her voicemail, and the defendant left a one-minute-long prerecorded message. *Id.* at 348.

The Third Circuit observed the following as to standing:

> When one sues under a statute alleging "the very injury [the statute] is intended to prevent," and the injury "has a close relationship to a harm ... traditionally ... providing a basis for a lawsuit in English or American courts," a concrete injury has been pleaded.

*Id.* at 351 (internal citations omitted). In its analysis the one phone call at issue, the *Susinno* court stated that unsolicited automated or prerecorded telephone calls were the precise injury addressed by the TCPA. *Id.* The Third Circuit further indicated that the TCPA protects "essentially the same interests that traditional causes of action [e.g. invasion of privacy] sought to protect." *Id; see also Manuel v. NRA Group LLC*, 2018 WL 388622 (3d Cir. 2018) (finding an alleged violation of the TCPA was a sufficient "concrete injury to establish Article III standing," citing *Susinno*); *In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625 (3d Cir. 2017) (finding the alleged violation of the Fair Credit Reporting Act constituted an "injury in fact," even without evidence that the stolen information was used improperly).[2] In light of *Susinno*, the Court finds that Plaintiff has sufficiently pled Article III standing, and Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is denied.

### b. 12(b)(6)

"Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 268 (3d Cir. 2013) (citing *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012)). The TCPA, in part, prohibits making

> any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any

---

[2] These cases were decided after, and discuss, a recent Supreme Court case on Article III standing in the context of the Fair Credit Reporting Act. *See Spokeo, Inc. v. Robins.* 136 S.Ct. 1520 (2016).

> automatic telephone dialing system or an artificial or prerecorded voice—
>
> . . .
>
> > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

47 U.S.C. §277(b). Thus, the TCPA prohibits using an ATDS to call a cellular telephone without the prior express consent of the called party. *See Mims*, 565 U.S. at 372. "[T]o state a cause of action under the TCPA, a plaintiff must allege: (1) that the defendant called the plaintiff's cellular telephone; (2) using an ATDS; (3) without the plaintiff's prior express consent." *Todd v. Citibank*, 2017 U.S. Dist. LEXIS 63402, at *15-16 (D.N.J. Apr. 26, 2017).

Plaintiff has failed to allege the first element, that is, that the call in question was to his cellular telephone. Plaintiff attempts to remedy this deficiency with a declaration attached to his opposition papers. *See* Declaration of Jeffrey Hale, D.E. 13-1, stating "I received an unsolicited telemarketing call on my cellular telephone" on March 8, 2017. *Id.* at ¶ 3. Plaintiff, however, may not amend his pleadings in his brief or with a declaration annexed thereto. *Pennsylvania ex rel. Zimmerman v. Pepsico*, 836 F.2d 173 (3d Cir.1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Also, of note, the Complaint alleges that Defendant has called other members of the putative class on cellular telephones, but the sources cited do not make this clear. In paragraph 12 of the Complaint, Plaintiff quotes a number of people who have posted on the website "800notes.com," but the quotes do not indicate calls to cellular phones. Instead, one states that "[t]he number has called my home several times,"

and a second was made to "our business." Compl. at ¶ 12. Thus, the Complaint's factual allegations are insufficient.

The Complaint is therefore dismissed for failure to plausibly plead a claim.

## IV. Conclusion

For the reasons stated above, Defendant's motion is granted, and the Complaint is dismissed for failure to state a claim upon which relief can be granted. As noted, the Court does not dismiss based on Defendant's standing argument, and the Court does not reach the other arguments raised by Defendant. The dismissal is without prejudice and Plaintiff is granted leave to file an Amended Complaint. Plaintiff has thirty (30) days to file an Amended Complaint, if he so chooses, consistent with this Opinion. If Plaintiff fails to file an Amended Complaint, the dismissal will be with prejudice. An appropriate Order accompanies this Opinion.

Dated: June 4, 2018

John Michael Vazquez, U.S.D.J.