**DeNITTIS OSEFCHEN PRINCE, P.C.**
Ross H. Schmierer, Esq. (RS 7215)
525 Route 73 North, Suite 410
Marlton, New Jersey 08053
(856) 797-9951
rschmierer@denittislaw.com

**LAW OFFICES OF STEFAN COLEMAN, P.C.**
Stefan Coleman, Esquire
1072 Madison Ave. #1
Lakewood, NJ 08701
(877) 333-9427
Law@stefancoleman.com

**HIRALDO, P.A.**
Manuel S. Hiraldo, Esquire
401 E. Law Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
(954) 400-4713
mhiraldo@hiraldolaw.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JEFFREY HALE**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**CREDITORS RELIEF, LLC**, a New Jersey limited liability company.<br><br>Defendant. | Case No. 2:17-cv-02447-JMV-MF<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Jeffrey Hale ("Hale" or "Plaintiff") brings this Class Action Complaint and

Demand for Jury Trial ("Complaint") against Defendant Creditors Relief LLC ("Creditors

Relief" or "Defendant") to stop Creditors Relief from directing its agents to violate the

Telephone Consumer Protection Act by making unsolicited, autodialed calls to consumers

*without their consent*, and to otherwise obtain injunctive and monetary relief for all persons

injured by Defendant's conduct. Plaintiff, for his Complaint, alleges as follows upon personal

1

knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1.      Creditors Relief offers debt relief options to businesses all over the United States. On the website creditorsrelief.com, Defendant claims that it has "settled millions of dollars"[1] for businesses that were struggling with debt.

2.      The CEO of Creditors Relief is Michael Lupolover, of the Law Offices of Michael Lupolover. On his law website, Lupolover states, "In addition to representing consumers against debt collectors, we also represent businesses with regard to debt negotiation, settlement, and litigation."[2]

3.      On his website http://www.lupoloverlaw.com, Lupolover has his address listed as "120 Sylvan Ave Suite 300 Englewood Cliffs, NJ 07632". This is the same address listed on the CreditorsRelief.com website:

Address: 120 Sylvan Ave, Englewood Cliffs, NJ 07632 [3]

4.      Creditors Relief is just one of a number of entities Lupolover created in order to market his debt relief programs as is seen on the Connecticut Department of Banking website:

**WHEREAS,** Lupolover is also affiliated as a control person of the following entities:  Creditors Relief LLC; Premier Debt Solutions Limited Liability Company; Premier Debt Solvers; Premier Debt Pro; Law Offices; Consumer Law Advocates PC; Debt Solutions Limited Liability Company; and Lupolover & Canty Professional Corporation (collectively "Companies"); [4]

---

[1] https://creditorsrelief.com/

[2] http://www.lupoloverlaw.com/practice/ada/

[3] https://creditorsrelief.com/

[4] http://ct.gov/dob/cwp/view.asp?a=2246&q=504098

5.      Upon information and belief, Lupolover directs his staff to purchase lists of business leads generated by third parties and to cold call them repeatedly using an automatic dialing system – not withstanding a lack of consent from the call recipients, including many registered on the National Do Not Call Registry and/or that have otherwise expressly demanded that Lupolover's agents stop calling them.

6.      In response to these calls, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease directing its agents to violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by placing unsolicited calls to consumers' cellular telephone numbers using an automatic telephone dialing system as well as an award of statutory damages to the members of the Class and costs.

**PARTIES**

7.      Plaintiff Jeffrey Hale is a natural person who resides at 110 E. Center St., #1000, Madison, South Dakota 57042.

8.      Defendant Creditors Relief is a limited liability company incorporated and existing under the laws of the State of New Jersey.[5]  Its principal office address is 120 Sylvan Ave. Ste. 300, Englewood Cliffs, New Jersey 07632.[6]  Defendant does business throughout the United States, including in the State of New Jersey and in this District.

**JURISDICTION AND VENUE**

9.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute for which there is federal question jurisdiction.

---

[5] https://www.njportal.com/DOR/BusinessNameSearch/Search/BusinessName.

[6] https://bbb.org/new-jersey/business-reviews/credit-and-debt-counseling/creditors-relief-in-englewd-clfs-nj-90104223/reviews-and-complaints.

10.     This Court has personal jurisdiction over Defendant and venue is proper in this

district because Defendant resides in this District and because the wrongful conduct giving rise

to this case occurred in, was directed from, and/or emanated from this District.

COMMON ALLEGATIONS

**Creditors Relief Markets Its Services by Obtaining Lists of Leads and Repeatedly**

**Autodialing Them Without Consent**

11.     Defendant's marketing plan directs agents to market its debt assistance options to

businesses through unsolicited, autodialed calls to cellular phone numbers and other telephone

numbers registered on the DNC.

12.     In a job posting on Indeed.com, Defendant admits to using an autodialer that is

used to make 150+ calls a day:

**Job Responsibilities:**

- Utilize call management systems on either a scripted or non-scripted call * Meet performance goals related to schedule adherence, call quality, and efficiently handling each call * Capture data accurately and quickly while navigating multiple computer applications * Manage Leads as outlined in company protocol
- Have the ability to work a dialer as well as maintaining daily dial requirements of 150+ dials [7]

13.     Given the high number of calls being made a day, per agent, it is no surprise to

find that there are numerous complaints posted online about these autodialed, unwanted calls:

- "Asked to speak to a business owner.  Used a name clearly obtained from some list (used the owner's full name, including middle initial).  Asked for voicemail.  When told we don't have voicemail, they would not leave a message.  Googling indicates the call is likely from Creditors Debt Relief. The sounds of a busy call center in the background could be heard"[8]
- "Weekly calls placed to our business asking to speak with a specific Manager. Calls typically consist of a 3-4 second lag time before a person comes on the

---

[7] https://www.indeed.com/cmp/Premier-Pro-Management/jobs/Inside-Phone-Sales-ba57a9033443983e

[8] http://800notes.com/Phone.aspx/1-201-266-5241.

4

line along with very loud voices in the background indicating a boiler room call center.  Caller identifies their business name as "Creditor's Relief" who offer high interest "loans" to small businesses.  Despite asking every caller from this sham organization to remove our Company from their call sheet, the calls continue.  Scum telemarketers who violate the Do Not Call Registry.  Do not do business with them."[9]

- "The number has called my home several times."[10]
- "201 956 6966 She said that loan was filed with the UCC Uniform Commerical Code with the US government.  That's interesting cause I don't have a loan or business."[11]
- "Calls then hangs up within 2 rings.  Calls back, answer, no one there and hangs up.  Never leaves message."[12]
- "Incessant, aggravating, daily calls from 201-266-5241. They claim to be "Creditors Relief".  Our company has no need for their services and we have asked to be removed from their call sheet numerous times, but they ignore the requests."[13]

14.     By placing the unsolicited telephone calls at issue in this Complaint, Defendant caused Plaintiff and the other members of the Class actual harm and cognizable legal injury.

15.     This includes the aggravation and nuisance and invasions of privacy that result from the unsolicited autodialed telephone calls that are being made to cellular phones, and a loss of the use and enjoyment of their phones, including wear and tear to the related data, memory, software, hardware, and battery components, among other harms.

16.     In response to Defendant's unlawful conduct, Plaintiff files this action seeking an injunction requiring Defendant to cease all unwanted autodialed call activities and an award of statutory damages to the members of the Class under the TCPA.

**PLAINTIFF'S ALLEGATIONS**

17.     On March 8, 2017 at 8:51 AM, Defendant placed an autodialed call to Plaintiff's

---

[9] *Id.*

[10] http://whocallsme.com/Phone-Number-aspx/2019566966.

[11]. http://www.scammer.info/d/434-advance-fee-business-loans/18.

[12] http://800notes.com/Phone.aspx/1-866-831-6477

[13] http://www.whycall.me/201-266-5241.html

cellular telephone number using phone number 201-956-6966.

18.     When Plaintiff answered the call on his cellular telephone, he noticed a 1-3 second pause before being connected to a live agent.  Such a pause is indicative of the Defendant using a prohibited autodialer.

19.     Creditor's Relief solicited the Plaintiff on the March 8, 2017 call for debt relief programs.

20.     For the sole purpose of ascertaining who was calling him, and to therefore get the company to stop calling his cellular phone number, Plaintiff asked Creditors Relief to send him an email during the March 8, 2017 conversation.  Shortly thereafter, Creditors Relief sent the Plaintiff the following email:

----- Forwarded Message -----
**From:** Manny Ortiz <manny@creditorsrelief.com
**To:** ▓▓▓▓ ▓▓▓ ▓▓▓▓▓▓▓▓ ▓▓▓▓
**Sent:** Wednesday, March 8, 2017 10:31 AM
**Subject:** Regarding your UCC filing

Hello Jeffrey,
I am reaching out from Creditors Relief, The reason for contacting you is regarding a UCC filing on your company, which indicates you might be struggling with merchant cash advances. I've been working with businesses in your area struggling with single and even multiple advances.
Creditors Relief specializes in restructuring corporate debt and merchant cash advances through negotiation and settlement. The firm is owned by an attorney with years of experience in offering debt relief assistance to both individuals and businesses throughout the country.
**Below are examples of settlements that we have attained for our clients** (past performance is no guarantee of future results).

| Date | Creditor | Debt Balance | Settlement Amount | Settlement % |
|------|----------|--------------|-------------------|--------------|
| 8/8/2016 | **Rapid Capital** | $19,430.00 | $9,000.00 | **46.32%** |
| 8/3/2016 | MCC | $38,117.59 | $20,000.00 | **52.46%** |
| 8/22/2016 | **Can Capital** | $78,545.70 | $25,000.00 | 25.46% |
| 8/29/2016 | **Strategic Funding** | $22,271.00 | $9,816.00 | 44.07% |
| 8/11/2016 | **Everest** | $15,165.00 | $5,000.00 | 32.97% |
| 8/4/2016 | **Fundbox** | $7,800.00 | $3,200.00 | 41.02% |

**see actual settlements on our website under "Recent Settlements"

Creditors Relief has reached amazing settlement results for our clients, exceeding their expectations time and time again!
If your business finances are moving in the wrong direction, we can help! Our tailored corporate debt relief programs can:

1. Increase your monthly cash flow.
2. Satisfy your creditors while paying what you can afford.
3. Stretch your business debt out over time and/or reduce it.
4. Spend less time dealing with creditors, collection agencies and attorneys.
5. Keep your business open and help avoid possible bankruptcy.

We have successfully restructured millions in corporate debt, using proven strategies and leveraging the relationships built over the years.
Our website can be viewed here: creditorsrelief.com
Please feel free to contact me directly at the numbers below should you have any questions.

Best regards,

6

21.     Plaintiff does not own a business and has no need for Creditors Relief's debt-relief services.

22.     Plaintiff has never provided his phone number to Defendant or any other party from which Defendant's agents may have purchased leads for businesses that require debt solutions.  Simply put, Hale has never provided his prior express written consent to Defendant to place solicitation telephone calls to him.

23.     The unauthorized telephone calls made by Creditors Relief agents to the Plaintiff's cellular telephone, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed his use and enjoyment of his cellular phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phones.

24.     Seeking redress for these injuries, Plaintiff, on behalf of himself and Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed voice calls to cellular telephones.

## CLASS ACTION ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claim Arising From an Autodialed Call Made by Defendant to Plaintiff's Cellular Number**

25.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> **Autodialed No Consent Class:** All persons in the United States from four years prior to the filing of this action through the present who (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using an autodialer, and (4) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claims they supposedly obtained prior express written consent to call the Plaintiff, or (b) they did not obtain prior express written consent.

7

26.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

27.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

28.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant's conduct constitutes a violation of the TCPA;

(b) whether Defendant utilized an automatic telephone dialing system to make their calls to Plaintiff and the members of the Class;

(c) whether Defendant made autodialed telephone calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

29.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class

8

actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

30.      **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed No Consent Class)**

31.      Plaintiff repeats and realleges paragraphs 1 through 30 of this Complaint and incorporates them by reference herein.

9

32.     Defendant and/or its agents agent transmitted unwanted solicitation telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse,* without human intervention.

33.     At no time did Defendant obtain prior consent from the Plaintiff orally or in writing to receive solicitation telephone calls. Also, at no time did Defendant obtain prior express written consent that contained a disclosure informing Plaintiff or any other consumer that agreeing to receive solicitation telephone calls was not a condition of the purchase of any property or service.

34.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

35.     In the event that the Court determines that Defendant's conduct was wilful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.  An order certifying this case as a class action on behalf of the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing his

attorneys as Class Counsel;

B.  An award of actual and statutory damages to be paid into a common fund for the benefit of Plaintiff and the Class;

C.  An order declaring that Defendant's actions, as set out above, violate the TCPA;

D.  A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

E.  An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class;

F.  An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment; and

G.  Such further and other relief as the Court deems necessary.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated, demands a trial by jury on all questions of fact raised by the Complaint.

Dated: June 20, 2018

> **DeNITTIS OSEFCHEN PRINCE, P.C.**
>
> By:     s/ Ross H. Schmierer
>           Ross H. Schmierer, Esq.
>           525 Route 73 North, Suite 410
>           Marlton, New Jersey 08053
>           (T): (856) 797-9951
>           rschmierer@denittislaw.com

11

**LAW OFFICES OF STEFAN COLEMAN, P.A.**
Stefan Coleman, Esquire
1072 Madison Ave. #1
Lakewood, NJ 08701
(T): (877) 333-9427
Law@stefancoleman.com

**HIRALDO, P.A.**
Manuel S. Hiraldo, Esquire
Admitted *Pro Hac Vice*
401 E. Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
(T): (954) 400-4713
mhiraldo@hiraldolaw.com

*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other

action pending in any court or of any pending arbitration or administrative proceeding.

Dated: June 20, 2018                    **DeNITTIS OSEFCHEN PRINCE, P.C.**

                                        By:     s/ Ross H. Schmierer
                                                Ross H. Schmierer, Esq.
                                                525 Route 73 North, Suite 410
                                                Marlton, New Jersey 08053
                                                (T): (856) 797-9951
                                                rschmierer@denittislaw.com