Chiesa Shahinian & Giantomasi PC
One Boland Drive
West Orange, NJ 07052
973.325.1500
Lee Vartan, Esq.
A. Ross Pearlson, Esq.
Daniel D. Barnes
*Attorneys for Defendant*
*Creditors Relief, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY HALE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CREDITORS RELIEF, LLC,<br><br>Defendant. | Civil Action No. 2:17-cv-02447-JMV-MF<br><br>DOCUMENT ELECTRONICALLY FILED<br><br>**DECLARATION OF<br>LEE VARTAN, ESQ.** |

I, **LEE VARTAN, ESQ.**, of full age, hereby declare as follows:

1.      I am an attorney at law of the State of New Jersey and a member of the law firm Chiesa Shahinian & Giantomasi PC, the attorneys for Defendant Creditors Relief, LLC in the above-captioned action.  As such, I am fully familiar with the facts stated herein.  I respectfully submit this Declaration in support of Creditors Relief's Motion to Dismiss and/or Deny Class Certification.

2.      Attached as **Exhibit A** is a true and accurate copy of Plaintiff Jeffrey Hale's First Amended Complaint.

4822-6911-5295.v1

3.     Attached as **Exhibit B** is a true and accurate copy of Defendant Creditors Relief's Responses and Objections to Plaintiff's Interrogatories.

Dated:  August 9, 2019                                               LEE VARTAN

4822-6911-5295.v1

# Exhibit A

**DeNITTIS OSEFCHEN PRINCE, P.C.**
Ross H. Schmierer, Esq. (RS 7215)
525 Route 73 North, Suite 410
Marlton, New Jersey 08053
(856) 797-9951
rschmierer@denittislaw.com

**HIRALDO, P.A.**
Manuel S. Hiraldo, Esquire
401 E. Law Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
(954) 400-4713
mhiraldo@hiraldolaw.com
*Attorneys for Plaintiff*

**LAW OFFICES OF STEFAN COLEMAN, P.C.**
Stefan Coleman, Esquire
1072 Madison Ave. #1
Lakewood, NJ 08701
(877) 333-9427
Law@stefancoleman.com

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JEFFREY HALE**, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>**CREDITORS RELIEF, LLC**, a New Jersey limited liability company.<br><br>　　　　　　　　Defendant. | Case No. 2:17-cv-02447-JMV-MF<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

　　　Plaintiff Jeffrey Hale ("Hale" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Creditors Relief LLC ("Creditors Relief" or "Defendant") to stop Creditors Relief from directing its agents to violate the Telephone Consumer Protection Act by making unsolicited, autodialed calls to consumers *without their consent*, and to otherwise obtain injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff, for his Complaint, alleges as follows upon personal

knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1.      Creditors Relief offers debt relief options to businesses all over the United States. On the website creditorsrelief.com, Defendant claims that it has "settled millions of dollars"[1] for businesses that were struggling with debt.

2.      The CEO of Creditors Relief is Michael Lupolover, of the Law Offices of Michael Lupolover. On his law website, Lupolover states, "In addition to representing consumers against debt collectors, we also represent businesses with regard to debt negotiation, settlement, and litigation."[2]

3.      On his website http://www.lupoloverlaw.com, Lupolover has his address listed as "120 Sylvan Ave Suite 300 Englewood Cliffs, NJ 07632". This is the same address listed on the CreditorsRelief.com website:

**Address: 120 Sylvan Ave, Englewood Cliffs, NJ 07632**[3]

4.      Creditors Relief is just one of a number of entities Lupolover created in order to market his debt relief programs as is seen on the Connecticut Department of Banking website:

**WHEREAS,** Lupolover is also affiliated as a control person of the following entities:  Creditors Relief LLC; Premier Debt Solutions Limited Liability Company; Premier Debt Solvers; Premier Debt Pro; Law Offices; Consumer Law Advocates PC; Debt Solutions Limited Liability Company; and Lupolover & Canty Professional Corporation (collectively "Companies");[4]

---

[1] https://creditorsrelief.com/

[2] http://www.lupoloverlaw.com/practice/ada/

[3] https://creditorsrelief.com/

[4] http://ct.gov/dob/cwp/view.asp?a=2246&q=504098

5.      Upon information and belief, Lupolover directs his staff to purchase lists of business leads generated by third parties and to cold call them repeatedly using an automatic dialing system – not withstanding a lack of consent from the call recipients, including many registered on the National Do Not Call Registry and/or that have otherwise expressly demanded that Lupolover's agents stop calling them.

6.      In response to these calls, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease directing its agents to violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by placing unsolicited calls to consumers' cellular telephone numbers using an automatic telephone dialing system as well as an award of statutory damages to the members of the Class and costs.

## PARTIES

7.      Plaintiff Jeffrey Hale is a natural person who resides at 110 E. Center St., #1000, Madison, South Dakota 57042.

8.      Defendant Creditors Relief is a limited liability company incorporated and existing under the laws of the State of New Jersey.[5] Its principal office address is 120 Sylvan Ave. Ste. 300, Englewood Cliffs, New Jersey 07632.[6] Defendant does business throughout the United States, including in the State of New Jersey and in this District.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute for which there is federal question jurisdiction.

---

[5] https://www.njportal.com/DOR/BusinessNameSearch/Search/BusinessName.

[6] https://bbb.org/new-jersey/business-reviews/credit-and-debt-counseling/creditors-relief-in-englewd-clfs-nj-90104223/reviews-and-complaints.

10.    This Court has personal jurisdiction over Defendant and venue is proper in this district because Defendant resides in this District and because the wrongful conduct giving rise to this case occurred in, was directed from, and/or emanated from this District.

## COMMON ALLEGATIONS

**Creditors Relief Markets Its Services by Obtaining Lists of Leads and Repeatedly Autodialing Them Without Consent**

11.    Defendant's marketing plan directs agents to market its debt assistance options to businesses through unsolicited, autodialed calls to cellular phone numbers and other telephone numbers registered on the DNC.

12.    In a job posting on Indeed.com, Defendant admits to using an autodialer that is used to make 150+ calls a day:

**Job Responsibilities:**

- Utilize call management systems on either a scripted or non-scripted call * Meet performance goals related to schedule adherence, call quality, and efficiently handling each call * Capture data accurately and quickly while navigating multiple computer applications * Manage Leads as outlined in company protocol
- Have the ability to work a dialer as well as maintaining daily dial requirements of 150+ dials [7]

13.    Given the high number of calls being made a day, per agent, it is no surprise to find that there are numerous complaints posted online about these autodialed, unwanted calls:

- "Asked to speak to a business owner.  Used a name clearly obtained from some list (used the owner's full name, including middle initial).  Asked for voicemail.  When told we don't have voicemail, they would not leave a message.  Googling indicates the call is likely from Creditors Debt Relief.  The sounds of a busy call center in the background could be heard"[8]
- "Weekly calls placed to our business asking to speak with a specific Manager. Calls typically consist of a 3-4 second lag time before a person comes on the

---

[7] https://www.indeed.com/cmp/Premier-Pro-Management/jobs/Inside-Phone-Sales-ba57a9033443983e

[8] http://800notes.com/Phone.aspx/1-201-266-5241.

line along with very loud voices in the background indicating a boiler room call center. Caller identifies their business name as "Creditor's Relief" who offer high interest "loans" to small businesses. Despite asking every caller from this sham organization to remove our Company from their call sheet, the calls continue. Scum telemarketers who violate the Do Not Call Registry. Do not do business with them."[9]

- "The number has called my home several times."[10]
- "201 956 6966 She said that loan was filed with the UCC Uniform Commerical Code with the US government. That's interesting cause I don't have a loan or business."[11]
- "Calls then hangs up within 2 rings. Calls back, answer, no one there and hangs up. Never leaves message."[12]
- "Incessant, aggravating, daily calls from 201-266-5241. They claim to be "Creditors Relief". Our company has no need for their services and we have asked to be removed from their call sheet numerous times, but they ignore the requests."[13]

14.     By placing the unsolicited telephone calls at issue in this Complaint, Defendant caused Plaintiff and the other members of the Class actual harm and cognizable legal injury.

15.     This includes the aggravation and nuisance and invasions of privacy that result from the unsolicited autodialed telephone calls that are being made to cellular phones, and a loss of the use and enjoyment of their phones, including wear and tear to the related data, memory, software, hardware, and battery components, among other harms.

16.     In response to Defendant's unlawful conduct, Plaintiff files this action seeking an injunction requiring Defendant to cease all unwanted autodialed call activities and an award of statutory damages to the members of the Class under the TCPA.

**PLAINTIFF'S ALLEGATIONS**

17.     On March 8, 2017 at 8:51 AM, Defendant placed an autodialed call to Plaintiff's

---

[9] *Id.*
[10] http://whocallsme.com/Phone-Number-aspx/2019566966.
[11]. http://www.scammer.info/d/434-advance-fee-business-loans/18.
[12] http://800notes.com/Phone.aspx/1-866-831-6477
[13] http://www.whycall.me/201-266-5241.html

cellular telephone number using phone number 201-956-6966.

18.     When Plaintiff answered the call on his cellular telephone, he noticed a 1-3 second pause before being connected to a live agent.  Such a pause is indicative of the Defendant using a prohibited autodialer.

19.     Creditor's Relief solicited the Plaintiff on the March 8, 2017 call for debt relief programs.

20.     For the sole purpose of ascertaining who was calling him, and to therefore get the company to stop calling his cellular phone number, Plaintiff asked Creditors Relief to send him an email during the March 8, 2017 conversation.  Shortly thereafter, Creditors Relief sent the Plaintiff the following email:

----- Forwarded Message -----
From: Manny Ortiz <manny@creditorsrelief.com>
To:
Sent: Wednesday, March 8, 2017 10:31 AM
Subject: Regarding your UCC filing

Hello Jeffrey,
I am reaching out from Creditors Relief, The reason for contacting you is regarding a UCC filing on your company, which indicates you might be struggling with merchant cash advances. I've been working with businesses in your area struggling with single and even multiple advances.
Creditors Relief specializes in restructuring corporate debt and merchant cash advances through negotiation and settlement. The firm is owned by an attorney with years of experience in offering debt relief assistance to both individuals and businesses throughout the country.
**Below are examples of settlements that we have attained for our clients** (past performance is no guarantee of future results).

| Date | Creditor | Debt Balance | Settlement Amount | Settlement % |
|------|----------|--------------|-------------------|--------------|
| 8/8/2016 | **Rapid Capital** | $19,430.00 | $9,000.00 | 46.32% |
| 8/3/2016 | **MCC** | $38,117.59 | $20,000.00 | 52.46% |
| 8/22/2016 | **Can Capital** | $78,545.70 | $25,000.00 | 25.46% |
| 8/29/2016 | **Strategic Funding** | $22,271.00 | $9,816.00 | 44.07% |
| 8/11/2016 | **Everest** | $15,165.00 | $5,000.00 | 32.97% |
| 8/4/2016 | **Fundbox** | $7,800.00 | $3,200.00 | 41.02% |

**see actual settlements on our website under "Recent Settlements"

Creditors Relief has reached amazing settlement results for our clients, exceeding their expectations time and time again!
If your business finances are moving in the wrong direction, we can help! Our tailored corporate debt relief programs can:

1. Increase your monthly cash flow.
2. Satisfy your creditors while paying what you can afford.
3. Stretch your business debt out over time and/or reduce it.
4. Spend less time dealing with creditors, collection agencies and attorneys.
5. Keep your business open and help avoid possible bankruptcy.

We have successfully restructured millions in corporate debt, using proven strategies and leveraging the relationships built over the years.
Our website can be viewed here: creditorsrelief.com
Please feel free to contact me directly at the numbers below should you have any questions.

Best regards,

21.     Plaintiff does not own a business and has no need for Creditors Relief's debt-relief services.

22.     Plaintiff has never provided his phone number to Defendant or any other party from which Defendant's agents may have purchased leads for businesses that require debt solutions.  Simply put, Hale has never provided his prior express written consent to Defendant to place solicitation telephone calls to him.

23.     The unauthorized telephone calls made by Creditors Relief agents to the Plaintiff's cellular telephone, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed his use and enjoyment of his cellular phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phones.

24.     Seeking redress for these injuries, Plaintiff, on behalf of himself and Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed voice calls to cellular telephones.

## CLASS ACTION ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claim Arising From an Autodialed Call Made by Defendant to Plaintiff's Cellular Number**

25.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> **Autodialed No Consent Class:** All persons in the United States from four years prior to the filing of this action through the present who (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using an autodialer, and (4) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claims they supposedly obtained prior express written consent to call the Plaintiff, or (b) they did not obtain prior express written consent.

26.     The following individuals are excluded from the Class: (1) any Judge or
Magistrate presiding over this action and members of their families; (2) Defendant, its
subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents
have a controlling interest and their current or former employees, officers and directors; (3)
Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion
from the Class; (5) the legal representatives, successors or assigns of any such excluded persons;
and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or
released. Plaintiff anticipates the need to amend the Class definition following appropriate
discovery.

27.     **Numerosity**: On information and belief, there are hundreds, if not thousands of
members of the Class such that joinder of all members is impracticable.

28.     **Commonality and Predominance**: There are many questions of law and fact
common to the claims of Plaintiff and the Class, and those questions predominate over any
questions that may affect individual members of the Class. Common questions for the Class
include, but are not necessarily limited to the following:

(a)  whether Defendant's conduct constitutes a violation of the TCPA;

(b)  whether Defendant utilized an automatic telephone dialing system to make
their calls to Plaintiff and the members of the Class;

(c)  whether Defendant made autodialed telephone calls to Plaintiff and members
of the Class without first obtaining prior express written consent to make the
calls; and

(d)  whether members of the Class are entitled to treble damages based on the
willfulness of Defendant's conduct.

29.     **Adequate Representation**: Plaintiff will fairly and adequately represent and
protect the interests of the Class, and has retained counsel competent and experienced in class

actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no

defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting

this action on behalf of the members of the Class, and have the financial resources to do so.

Neither Plaintiff nor his counsel has any interest adverse to the Class.

30.     **Appropriateness**: This class action is also appropriate for certification because

Defendant has acted or refused to act on grounds generally applicable to the Class and as a

whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards

of conduct toward the members of the Class and making final class-wide injunctive relief

appropriate. Defendant's business practices apply to and affect the members of the Class

uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with

respect to the Class as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the

damages suffered by individual members of the Class will likely be small relative to the burden

and expense of individual prosecution of the complex litigation necessitated by Defendant's

actions. Thus, it would be virtually impossible for the members of the Class to obtain effective

relief from Defendant's misconduct on an individual basis. A class action provides the benefits

of single adjudication, economies of scale, and comprehensive supervision by a single court.

Economies of time, effort, and expense will be fostered and uniformity of decisions will be

ensured.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed No Consent Class)**

31.     Plaintiff repeats and realleges paragraphs 1 through 30 of this Complaint and

incorporates them by reference herein.

32.     Defendant and/or its agents agent transmitted unwanted solicitation telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse,* without human intervention.

33.     At no time did Defendant obtain prior consent from the Plaintiff orally or in writing to receive solicitation telephone calls. Also, at no time did Defendant obtain prior express written consent that contained a disclosure informing Plaintiff or any other consumer that agreeing to receive solicitation telephone calls was not a condition of the purchase of any property or service.

34.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

35.     In the event that the Court determines that Defendant's conduct was wilful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     An order certifying this case as a class action on behalf of the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing his

attorneys as Class Counsel;

B. An award of actual and statutory damages to be paid into a common fund for the

benefit of Plaintiff and the Class;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA;

D. A declaratory judgment that Defendant's telephone calling equipment constitutes

an automatic telephone dialing system under the TCPA;

E. An injunction requiring Defendant to cease all unsolicited calling activity, and to

otherwise protect the interests of the Class;

F. An injunction prohibiting Defendant from using, or contracting the use of, an

automatic telephone dialing system without obtaining, and maintaining records of,

call recipient's prior express written consent to receive calls made with such

equipment; and

G. Such further and other relief as the Court deems necessary.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of

himself and all others similarly situated, demands a trial by jury on all questions of fact raised

by the Complaint.

Dated: June 20, 2018

**DeNITTIS OSEFCHEN PRINCE, P.C.**

By:     s/ Ross H. Schmierer
        Ross H. Schmierer, Esq.
        525 Route 73 North, Suite 410
        Marlton, New Jersey 08053
        (T): (856) 797-9951
        rschmierer@denittislaw.com

**LAW OFFICES OF STEFAN COLEMAN, P.A.**
Stefan Coleman, Esquire
1072 Madison Ave. #1
Lakewood, NJ 08701
(T): (877) 333-9427
Law@stefancoleman.com

**HIRALDO, P.A.**
Manuel S. Hiraldo, Esquire
Admitted *Pro Hac Vice*
401 E. Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
(T): (954) 400-4713
mhiraldo@hiraldolaw.com

*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: June 20, 2018           **DeNITTIS OSEFCHEN PRINCE, P.C.**

                       By:    <u>s/ Ross H. Schmierer</u>
                               Ross H. Schmierer, Esq.
                               525 Route 73 North, Suite 410
                               Marlton, New Jersey 08053
                               (T): (856) 797-9951
                               rschmierer@denittislaw.com

# Exhibit B

Lee Vartan, Esq.
A. Ross Pearlson, Esq.
Daniel D. Barnes, Esq.
Chiesa Shahinian & Giantomasi PC
One Boland Drive
West Orange, New Jersey 07052
Telephone: 973.325.1500
Facsimile: 973.325.1501
*Attorneys for Defendant*
*Creditors Relief LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY HALE, individually and on behalf of all others similarly situated, | Civil Action No. 2:17-cv-2447 (JMV)(MF) |
| Plaintiff, | **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES** |
| vs. | |
| CREDITORS RELIEF LLC, | |
| Defendant. | |

To:    LAW OFFICES OF STEFAN COLEMAN, P.C.
       Stefan Coleman, Esq.
       1072 Madison Ave. #1
       Lakewood, NJ 08701
       (877) 333-9427
       law@stefancoleman.com

       DeNITTIS OSEFCHEN PRINCE, P.A.      HIRALDO, P.A.
       Ross H. Schmierer, Esq.             Manuel S. Hiraldo, Esq.
       525 Route 73 North, Suite 410       401 E. Law Olas Blvd., Suite 1400
       Marlton, NJ 08053                   Fort Lauderdale, FL 33301
       (856) 797-9951                      (954) 400-4713
       rschmierer@denittislaw.com          mhiraldo@hiraldolaw.com

       *Attorneys for Plaintiff*

Defendant Creditors Relief LLC ("Defendant") hereby responds to Plaintiff Jeffrey Hale's Interrogatories in accordance with the Federal Rules of Civil Procedure and the General and Specific Objections that follow.

CHIESA SHAHINIAN & GIANTOMASI PC
Attorneys for Defendant Creditors Relief LLC

By: _____
Lee Vartan
Daniel Barnes

Dated: May 7, 2019

2

## **GENERAL OBJECTIONS**

These General Objections shall apply to each and every interrogatory propounded by Plaintiff and shall have the force and effect as if set forth in full and in response to each individually numbered interrogatory.  Defendant's responses to these interrogatories are based on information and documents known to Defendant at this time.  Defendant reserves the right to assert additional objections or provide supplemental responses as further discovery may reveal or at any time prior to the hearing of this matter.  Any response, objection, or lack of objection to any interrogatory is not deemed an admission that Defendant possesses such information or documents responsive to the particular interrogatory.

1.      Defendant objects to any definitions and/or instructions to the extent that the definitions and instructions expand or conflict with the Federal Rules of Civil Procedure.

2.      Defendant objects to these interrogatories to the extent that they seek to impose obligations on Defendant that are greater than, or are inconsistent with, those imposed under the Federal Rules of Civil Procedure.

3.      Defendant objects to each and every interrogatory to the extent that it seeks information protected by various privileges or immunities, including the attorney-client privilege, the marital privilege, self-critical analysis, and the attorney work product doctrine.  In the event that any such information is inadvertently provided, and such information is the proper subject of a privilege, such disclosure is not to be construed as a waiver of any applicable privileges and/or immunities.

4814-1546-5876.v4
4814-1546-5876.v5

4.      Defendant objects to each and every interrogatory to the extent that it purports to request information that is not relevant to the subject matter involved in the pending action nor is reasonably calculated to lead to the discovery of admissible evidence.

5.      Defendant objects to each and every interrogatory that calls for extensive and unreasonable investigatory work on the part of Defendant as unduly burdensome, or which improperly seeks to compel Defendant to characterize documents or information, or which is calculated to harass and vex in the prosecution of this action.

6.      Defendant objects to each and every interrogatory to the extent that it purports to request cumulative or repetitive information on the grounds that it is overly broad and unduly burdensome.

7.      Defendant objects to each and every interrogatory to the extent that it seeks to require the general production of categories of documents.  Defendant also objects to each and every interrogatory to the extent that it seeks to require the identification and/or production of documents other than those in Defendant's possession, custody, or control or to which other parties have equal access.

8.      Defendant objects to each and every interrogatory to the extent that it purports to seek production or identification of documents obtained by Defendant's counsel as part of discovery, trial preparation, strategy, investigation, or case development.

9.      Defendant does not concede the relevancy, materiality, competency, or admissibility as evidence of the information requested in the interrogatories and notwithstanding any response made thereto, reserves the right to object on any ground to the use of the responses herein in any subsequent proceeding, action, or trial.

4

10. Defendant objects to each and every interrogatory to the extent that it attempts to burden Defendant with the task of providing information that the propounding party can itself easily obtain from a review of documents produced by Defendant.

11. Subject to and without waiving any of the aforesaid objections, Defendant states that it has made the inquiry required under the Federal Rules of Civil Procedure to provide responses to these interrogatories. Defendant does not, however, claim that the information and/or documents referenced herein are inclusive of all information and/or documents responsive to these interrogatories. The responses contained herein are based on Defendant's best efforts. Defendant reserves the right to supplement these responses and/or objections.

12. The responses herein are not based solely on the knowledge of the responding party, but may include the knowledge of such parties, their agents, representatives and, unless privileged, their attorneys. Additionally, the word usage and/or sentence structure does not purport to be the exact language of the responding parties.

13. Merely because Defendant has provided a response to a particular interrogatory is not an admission that (a) the responding party is personally knowledgeable regarding the general topic area that is the subject matter of the discovery request, and/or (b) Defendant agrees with any factual or legal assumptions set forth in the discovery request.

14. Defendant objects to any request that is based upon an assumption that a particular allegation is true.

15. Defendant objects to the use of undefined terms or phrases and/or to any request that is vague and/or ambiguous.

16. Defendant objects to any request that calls for the production of confidential or proprietary information or documents.

5

17.     Defendant objects to the number of requests to the extent that number is contrary to the Federal Rules of Civil Procedure and/or any orders of the Court.

18.     Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

19.     Defendant objects to Plaintiff's definition of the phrases "automatic telephone dialing system," "ATDS," and "predictive dialer" to the extent that such definitions differ from applicable statutes, regulations and caselaw, including but not limited to the definitions set forth in ACA International v. FCC, 885 F.3d 687 (D.C. Cir. 2018) and Dominguez v. Yahoo, Inc., 894 F.3d 116, 120 (3d Cir. 2018).

20     Defendant objects to Plaintiff's definition of the phrase "subject call" for, among other reasons, that it has not yet been established that such a call was made or that records relating to it exist.

21.     Defendant objects to Plaintiff's definition of the term "call" because it incorporates the objected-to term "ATDS" and because it is vague, overbroad, and subject to multiple interpretations.

22.     Defendant objects to Plaintiff's definition of the terms "you" and "your" to the extent it seeks to require production of information or documents beyond what is required under applicable law.

23.     To the extent that Plaintiff has requested documents that are subject to confidentiality agreements with non-parties, Defendant will comply with such confidentiality obligations and produce responsive documents as soon as compliance with such obligations is met.

6

24.     Defendant incorporates by reference every applicable general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Defendant does not waive its right to amend its responses.

4814-1546-5876.v4
4814-1546-5876.v5

## INTERROGATORIES AND RESPONSES

1.      **Identify the following information regarding the target recipients of Calls: their name, address, email, phone numbers, and the source(s) where you obtained the telephone numbers called.**

**RESPONSE:**  Objection.  This request is vague and ambiguous and uses terms that are improperly defined.  In addition, this request calls for the production of information or documents that are confidential and proprietary.  In addition, this interrogatory assumes facts that are not proven and may not be true.  Furthermore, this request is overly broad and unduly burdensome.  Further, this request calls for the production of information or documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the forgoing objections, and the general objections set forth above, Defendant incorporates by reference its responses to Interrogatory Nos. 4 and 9.

2.      **Identify every insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment against you in this action or to indemnify or reimburse for payments made to satisfy the judgment irrespective of whether you have, or intend to, make such a claim.**

**RESPONSE:**  Objection.  This interrogatory is overly broad and unduly burdensome.  It is also improperly duplicative because it seeks information and documents previously produced.  In addition, this request is vague and ambiguous.  Subject to and without waiving the forgoing objections, and the general objections set forth above, Defendant refers Plaintiff to the RLI Insurance policy previously provided to Plaintiff's counsel and also refers Plaintiff to the response to Plaintiff's Document Request No. 1.

3.      **Identify the total number of Calls that have been transmitted.  For each Call, please identify the date, content, and telephone number of the recipient of the Call, and describe how the Calls were initiated, including a description of the equipment used to obtain, store, and dial each telephone number.**

8

4814-1546-5876.v4
4814-1546-5876.v5

**RESPONSE:** Objection. This request is vague and ambiguous and uses terms that are improperly defined. In addition, this request calls for the production of information or documents that are confidential and proprietary. In addition, this interrogatory assumes facts that are not proven and may not be true. Furthermore, this request is overly broad and unduly burdensome. Further, this request calls for the production of information or documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Subject to and without waiving the forgoing objections, and the general objections set forth above, Defendant incorporates by reference its responses to Interrogatory Nos. 4 and 9.

4.     **Describe in detail the method or process by which Calls were placed to individuals.**

**RESPONSE:** Objection. This request is vague and ambiguous and uses terms that are improperly defined. In addition, this request calls for the production of information or documents that are confidential and proprietary. In addition, this interrogatory assumes facts that are not proven and may not be true. Furthermore, this request is overly broad and unduly burdensome. Further, this request calls for the production of information or documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Subject to and without waiving the forgoing objections, and the general objections set forth above, Defendant responds as follows:

(a)     Defendant does not use autodialing, predictive dialing, or recorded messages. Defendant identifies potential customers in one of the following ways: (a) persons or entities who respond to advertising (including online advertising) and contact Defendant, (b) research of publicly available databases regarding UCC filings for commercial entities that may be in need of Defendant's services, and (c) customer leads that are provided by third–party vendors.

9

(b)     The phone numbers for each such potential customer, all of whom are commercial entities and not individuals or consumers, are screened for various reasons, including but not limited to (1) state do not call registries; (2) federal do not call registries; and (3) the removal of cell phone numbers from all call lists.  In accordance with industry practice, Defendant utilizes outside vendors to perform this function.

(c)     Once the list of potential customers is identified and screened, the information relating to all potential customers (e.g., name of entity, phone number, and other pertinent information) is entered into a database.  (See Response to Interrogatory No. 9).

(d)     Calls are made solely through the active intervention of a human telephone marketer who directs a telephone call to a specifically targeted commercial entity from the list of potential customers.

(e)     The call is then made and the process of marketing to that specific customer's needs is utilized.

(f)     Typically, the initial phone call is not recorded.  However, Defendant does randomly record phone calls for training and management purposes once the potential customer has agreed to utilize Defendant's services.

(g)     Nevertheless, Defendant's database software does track calls made by Defendant to potential customers.

(h)     Notably, Defendant does not have any record of any call to the telephone number identified by Plaintiff as the telephone number on which he claims received the telephone call identified in the Complaint.


5.     **Describe in detail the method or process by which you or anyone on your behalf collected or obtained Plaintiff's telephone number.**

**RESPONSE:**   See response to Interrogatory No. 4.   Furthermore, Defendant is presently unable to identify any records that demonstrate that it called Plaintiff.   Therefore, Defendant did not "collect" or "obtain" Plaintiff's telephone number.

6.   **Describe in detail the method or process by which the Subject Call was placed. Your response should include, but not be limited to, a description of each stage of the initiation process used to place the Subject Call.**

**RESPONSE:**   See responses to Interrogatory Nos. 4 and 5.

7.   **Identify every communication between You and Plaintiff.**

**RESPONSE:**   Objection.   This request is vague and ambiguous and uses terms that are improperly defined.   In addition, this request calls for the production of information or documents that are confidential and proprietary.   In addition, this interrogatory assumes facts that are not proven and may not be true.   Furthermore, this request is overly broad and unduly burdensome.   Further, this request calls for the production of information or documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.   Moreover, this request calls for the production of documents that are protected from discovery by the attorney client privilege and/or the attorney work product doctrine.   Subject to and without waiving the forgoing objections, and the general objections set forth above, Defendant (a) incorporates by reference its response to Interrogatory No. 4 and (b) further states that it has no record of any telephone call or other communications between Plaintiff and Defendant.

8.   **Identify who placed the Subject Call to Plaintiff.**

**RESPONSE:**   Objection.   This request is vague and ambiguous and uses terms that are improperly defined.   In addition, this request calls for the production of information or

11

documents that are confidential and proprietary.  In addition, this interrogatory assumes facts that are not proven and may not be true.  Furthermore, this request is overly broad and unduly burdensome.  Further, this request calls for the production of information or documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the forgoing objections, and the general objections set forth above, Defendant (a) incorporates by reference its response to Interrogatory No. 4 and (b) further states that it has no record of any telephone call between Plaintiff and Defendant.

9.      **Describe the equipment used to initiate the Subject Call.**

**RESPONSE:**   Objection.   This request is vague and ambiguous and uses terms that are improperly defined.   In addition, this request calls for the production of information or documents that are confidential and proprietary.  In addition, this interrogatory assumes facts that are not proven and may not be true.  Furthermore, this request is overly broad and unduly burdensome.  Further, this request calls for the production of information or documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the forgoing objections, and the general objections set forth above, Defendant (a) incorporates by reference its response to Interrogatory No. 4 and (b) further states that it has no record of any telephone call between Plaintiff and Defendant.   Nevertheless, Defendant states that to initiate marketing telephone calls as a general matter, Defendant utilizes a database software called "Velocify Enterprise."  That software includes a "click to dial" feature that requires the human caller to review the customer name and information before making a call.   The call may only be initiated by having a person manually "click" on the number belonging to the specific potential customer that the person has chosen to call.

12

10.     **Describe the equipment used to initiate Calls.**

**RESPONSE:**   Objection.   This request is vague and ambiguous and uses terms that are improperly defined.   In addition, this request calls for the production of information or documents that are confidential and proprietary.   In addition, this interrogatory assumes facts that are not proven and may not be true.   Further, this request calls for the production of information or documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.   Furthermore, this request is overly broad and unduly burdensome. Subject to and without waiving the forgoing objections, and the general objections set forth above, Defendant (a) incorporates by reference its responses to Interrogatory Nos. 4 and 9 and (b) further states that it has no record of any telephone call between Plaintiff and Defendant.


11.     **Describe any equipment used by you or anyone on your behalf to store Plaintiff's telephone number. Your answer should include a description of how that equipment interacts with any equipment used to initiate the Subject Call.**

**RESPONSE:**   Objection.   This request is vague and ambiguous and uses terms that are improperly defined.   In addition, this request calls for the production of information or documents that are confidential and proprietary.   In addition, this interrogatory assumes facts that are not proven and may not be true.   Further, this request calls for the production of information or documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.   Furthermore, this request is overly broad and unduly burdensome. Subject to and without waiving the forgoing objections, and the general objections set forth above, Defendant (a) incorporates by reference its responses to Interrogatory Nos. 4 and 9 and (b) further states that it has no record of any telephone call between Plaintiff and Defendant.

13

12.   **Have you ever received formal or informal complaints regarding Your telephone marketing campaigns? If so, identify the complaint, including the date and name(s) of the individual(s) making the complaint.**

**RESPONSE:**   Objection.   This request is vague and ambiguous and uses terms that are improperly defined.   Moreover, this request calls for the production of documents that are protected from discovery by the attorney client privilege and/or the attorney work product doctrine.   In addition, this request calls for the production of information or documents that are confidential and proprietary.   In addition, this interrogatory assumes facts that are not proven and may not be true.   Furthermore, this request is overly broad and unduly burdensome. Subject to and without waiving the forgoing objections, and the general objections set forth above, Defendant states that to its recollection, it has never received any formal or informal complaints regarding its telephone marketing campaigns.   In addition, information about other types of complaints will be provided in response to Plaintiff's document requests.

13.   **Describe what type of consent or permission, if any, you obtained from Plaintiff to send place[sic] the Subject Call.**

**RESPONSE:**   Objection.   This request is vague and ambiguous and uses terms that are improperly defined.   In addition, this request calls for the production of information or documents that are confidential and proprietary.   In addition, this interrogatory assumes facts that are not proven and may not be true.   Furthermore, this request is overly broad and unduly burdensome.   Further, this request calls for the production of information or documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.   Subject to and without waiving the forgoing objections, and the general objections set forth above, Defendant (a) incorporates by reference its responses to Interrogatory Nos. 4 and 9 and (b) further states that it has no record of any telephone call between Plaintiff and Defendant.

14

4814-1546-5876.v4
4814-1546-5876.v5

14.     **Describe what type of consent or permission, if any, you obtained from recipients of the Calls prior to placing the Calls.**

**RESPONSE:**   Objection.   This request is vague and ambiguous and uses terms that are improperly defined.   In addition, this request calls for the production of information or documents that are confidential and proprietary.   In addition, this interrogatory assumes facts that are not proven and may not be true.   Further, this request calls for the production of information or documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.   Furthermore, this request is overly broad and unduly burdensome. Subject to and without waiving the forgoing objections, and the general objections set forth above, Defendant incorporates by reference its responses to Interrogatory Nos. 4 and 9.

15.     **Describe the manner in which the list(s) of telephone numbers to which Calls were placed was compiled or acquired, and identify the source(s) of the telephone numbers and the persons who compiled them.**

**RESPONSE:**   Objection.   This request is vague and ambiguous and uses terms that are improperly defined.   In addition, this request calls for the production of information or documents that are confidential and proprietary.   In addition, this interrogatory assumes facts that are not proven and may not be true.   Furthermore, this request is overly broad and unduly burdensome.   Subject to and without waiving the forgoing objections, and the general objections set forth above, Defendant incorporates by reference its responses to Interrogatory Nos. 4 and 9.

16.     **Identify (a) each telephone number for the telephone line(s) from which you, or anyone on your behalf, placed the Subject Call, (b) the telephone service provider(s) for each such telephone number, and (c) the account number, name and address for the account holder of each such telephone number.**

15

4814-1546-5876.v4
4814-1546-5876.v5

**RESPONSE:**   Objection.   This request is vague and ambiguous and uses terms that are improperly defined.   In addition, this request calls for the production of information or documents that are confidential and proprietary.   In addition, this interrogatory assumes facts that are not proven and may not be true.   Further, this request calls for the production of information or documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.   Furthermore, this request is overly broad and unduly burdensome. Subject to and without waiving the forgoing objections, and the general objections set forth above, Defendant (a) incorporates by reference its responses to Interrogatory Nos. 4 and 9 and (b) further states that it has no record of any telephone call between Plaintiff and Defendant. Furthermore, for all outgoing marketing calls, Defendant uses software that provides the recipient's caller identification with an active phone number to which a return call may be made by the recipient to Defendant and which is answered during normal business hours.

17.    **Identify (a) each telephone number for the telephone line(s) from which you, or anyone on your behalf, initiated the Calls, (b) the telephone service provider(s) for each such telephone number, and (c) the account number, name and address for the account holder of each such telephone number.**

**RESPONSE:**   Objection.   This request is vague and ambiguous and uses terms that are improperly defined.   In addition, this request calls for the production of information or documents that are confidential and proprietary.   In addition, this interrogatory assumes facts that are not proven and may not be true.   Further, this request calls for the production of information or documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.   Furthermore, this request is overly broad and unduly burdensome. Subject to and without waiving the forgoing objections, and the general objections set forth above, Defendant incorporates by reference its responses to Interrogatory Nos. 4 and 9.

16

4814-1546-5876.v4
4814-1546-5876.v5

18.     **Describe the reason(s) why the Subject Call was placed to Plaintiff.**

**RESPONSE:**   Objection.   This request is vague and ambiguous and uses terms that are improperly defined.   In addition, this request calls for the production of information or documents that are confidential and proprietary.   In addition, this interrogatory assumes facts that are not proven and may not be true.   Furthermore, this request is overly broad and unduly burdensome.   Further, this request calls for the production of information or documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.   Subject to and without waiving the forgoing objections, and the general objections set forth above, Defendant (a) incorporates by reference its responses to Interrogatory Nos. 4 and 9 and (b) further states that it has no record of any telephone call between Plaintiff and Defendant.


19.     **Were you aware of the restrictions imposed by the Telephone Consumer Protection Act prior to the time the Subject Call was initiated?**

**RESPONSE:**   Objection.   This request is vague and ambiguous and uses terms that are improperly defined.   In addition, this request calls for the production of information or documents that are confidential and proprietary.   In addition, this interrogatory assumes facts that are not proven and may not be true.   Furthermore, this request is overly broad and unduly burdensome.   Moreover, this request calls for the production of documents that are protected from discovery by the attorney client privilege and/or the attorney work product doctrine. Further, this request calls for the production of information or documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.   Subject to and without waiving the forgoing objections, and the general objections set forth above, Defendant (a) incorporates by reference its responses to Interrogatory Nos. 4 and 9, (b) further states that it

17

has no record of any telephone call between Plaintiff and Defendant, and (c) also states that its practices and procedures are consistent with industry norms and compliant with all applicable laws.

20.   **The identity of all persons or entities who participated in initiating the Subject Call.**

**RESPONSE:**   Objection.   This request is vague and ambiguous and uses terms that are improperly defined.   In addition, this request calls for the production of information or documents that are confidential and proprietary.   In addition, this interrogatory assumes facts that are not proven and may not be true.   Furthermore, this request is overly broad and unduly burdensome.   Subject to and without waiving the forgoing objections, and the general objections set forth above, Defendant (a) incorporates by reference its responses to Interrogatory Nos. 4 and 9 and (b) further states that it has no record of any telephone call between Plaintiff and Defendant.

18

## CERTIFICATION

I am the Chief Marketing Officer of Creditors Relief, LLC. I am authorized to submit this certification on behalf of Creditors Relief, LLC. I certify that the statements made by me in the foregoing responses to interrogatories are true and correct to the best of my knowledge, information and belief, except as to those made upon information and belief, and as to those, I believe them to be true.  I am aware that if any of the foregoing statements made by me are willfully false, Creditors Relief, LLC and I may be subject to punishment.

CREDITORS RELIEF, LLC

By:

Name:  Alan Tunit

Title:  Chief Marketing Officer

Dated: May 7, 2019

4839-1535-2981