**DeNittis | Osefchen | Prince**, P.C.
Attorneys at Law

denittislaw.com

5 Greentree Centre
525 Route 73 North, Suite 410
Marlton, NJ 08053
P: 856.797.9951 | F: 856.797.9978

1515 Market Street, Suite 1200
Philadelphia, PA 19102
P: 215.564.1721 | F: 215.564.1769

315 Madison Ave., 3rd Floor
New York, NY 10017
P: 646.979.3642

October 2, 2019

**VIA ECF**

Honorable Mark Falk
U.S. District Court
USPO & Courthouse
1 Federal Sq., Room 457
Newark, New Jersey 07101

Re:   *Hale v. Creditors Relief LLC*
      **Case No.: 2:17-cv-02447-JMV-MF**

Dear Judge Falk:

Along with the Law Offices of Stefan Coleman, PLLC, we represent the plaintiff Jeffrey Hale ("Plaintiff") and the putative class in the above referenced matter. We write to respond to Defendant's letter dated September 25, 2019.

To clarify the sequence of events, the Plaintiff received an email from Mr. Vartan a few minutes after the second conference call ended indicating that he was dropped from the call. I, of course, was unaware that occurred and immediately called Mr. Vartan to explain how the Court directed the parties to proceed relating to the Motion to Deny Class Certification ("Motion"). Mr. Vartan was dissatisfied with the Court's directives and thus, indicated that he would submit a letter.

Briefly, Plaintiff respectfully submits that the unfortunate circumstances relating to the Motion would never have occurred if the Defendant adhered to paragraph 19 of the Court's Order mandating that "No motions are to be filed without prior written permission from this Court." Because Defendant *violated* this Court's Order and filed its motion prematurely without obtaining any permission from the Court, the Plaintiff endeavored to extend any briefing schedule to obtain outstanding discovery.

At this juncture, the parties have **not** exchanged sufficient discovery to properly brief these issues for Judge Vazquez. Moreover, the parties have not engaged in *any* expert discovery to explore and appropriately brief the fact-sensitive inquiry of the capacity and functionalities of the ATDS used by the Defendant for Judge Vazquez. Indeed, as Judge Wolfson recognized a few days ago in one of Plaintiff's counsel's other TCPA cases, "*Dominguez* merely addressed present

Stephen P. DeNittis*‡ | Joseph A. Osefchen | Shane T. Prince* | Ross H. Schmierer** | Joseph A. D'Aversa* | Charles J. Galvin*

*Member of the NJ & PA Bar   **Member of the NJ & NY Bar   ‡Certified Civil Trial Attorney by the Supreme Court of New Jersey

Hon. Mark Falk
October 2, 2019
Pg. | 2

capacity vs. potential and latent capacity and did not impose a requirement that the autodialer functionality be employed to transmit the text messages at issue." *See Rivero v. DJAI's* annexed hereto as **Exhibit A**. Thus, the parties herein need to determine whether the Defendant's ATDS had the requisite capacity to function as an autodialer. And in short, the premature and inappropriate filing of the Motion that was submitted in violation of this Court's Order contains issues that are simply not ripe for Judge Vazquez and would be a waste of this Court's valuable judicial resources.

Based on the foregoing and in accordance with your Honor's directive that because the Motion is marked off the Court's calendar and will remain that way until Plaintiff submits a letter to Judge Vazquez, we will not submit such letter until we participate in the conference with your Honor to set out a schedule for the remaining fact and expert discovery to properly present and brief these issues for Judge Vazquez. In the meantime, we will continue to seek the such outstanding discovery and meet and confer with Defendant's counsel on the same.

We thank the Court for its courtesies.

Respectfully submitted,

Ross H. Schmierer, Esq.

cc:     Lee Vartan, Esq. (via ECF)
        Daniel D. Barnes, Esq. (via ECF)
        *Attorneys For Defendant*