

**CHIESA SHAHINIAN & GIANTOMASI PC**

ONE BOLAND DRIVE
WEST ORANGE, NJ 07052

csglaw.com

**LEE VARTAN**
lvartan@csglaw.com
(O) 973.530.2107
(F) 973.530.2307

February 14, 2020

The Honorable Edward S. Kiel, U.S.M.J.
District of New Jersey
MLK Building and U.S. Courthouse
50 Walnut Street Courtroom 8
Newark, NJ 07101

Re: **Jeffrey Hale v. Creditors Relief, LLC**
2:17-cv-02447

Dear Judge Kiel:

This firm represents Creditors Relief, LLC in the above-captioned matter. The Parties are in receipt of your January 31, 2020 Text Order requesting a joint letter addressing the status of discovery and any pending motions. Please accept this letter in satisfaction of that obligation.

Plaintiff Jeffrey Hale filed his initial complaint in this matter on April 10, 2017 on behalf of himself and a similarly-situated class alleging that Defendant Creditors Relief, LLC, a company that offers debt relief programs to struggling businesses, violated the Telephone Consumer Protection Act when it allegedly called him without his permission using an automatic dialer. Dkt. Report, at 1. In response, Creditors Relief, through its prior counsel, filed a motion to strike the class allegations and to stay discovery on May 25, 2017. Id. at 9. That motion was granted in part, and denied in part, by Judge Vazquez on June 4, 2018. Id. at 39. As a result, Plaintiff filed an amended complaint on June 20, 2018. Id. at 40. Creditors Relief answered the amended complaint on September 13, 2018. Id. at 52. The Parties had numerous telephonic and in-person status conferences with Judge Falk in the months that followed. Id. at 54-62. On March 12, 2019, this firm entered its appearance on behalf of Creditors Relief and became counsel of record. Id. at 63-65.

Since that time, the Parties have engaged in paper discovery, exchanging numerous documents. This discovery demonstrated to Creditors Relief that Plaintiff is unable to meet the stringent requirements of Fed. R. Civ. P. 23 to satisfy class certification. As a result, Creditors Relief filed a motion to dismiss and/or deny class certification on August 9, 2019. Id. at 72. The Parties agreed to a briefing schedule for the motion, Id. at 74; however, for reasons unknown, the motion was administratively terminated by Judge Vazquez.

February 14, 2020
Page 2

  According to the docket entry, the motion was to be reinstated after Plaintiff filed his opposition on October 7, 2019.  Ibid.  Plaintiff never filed an opposition, however, and instead now contends that Defendant's motion was premature due to certain discovery necessary to address certain merits issues raised in the motion.  Id. at 78.  In addition to deeming this motion premature, Plaintiff now contends that the filing of the motion violated Judge Falk's Order.  Specifically, Judge Falk's Order mandates that "No motions are to be filed without prior written permission from this Court."  Because Defendant failed to seek permission prior to filing its motion, Plaintiff raised this issue with Judge Falk on a telephone conference.  At that time, Plaintiff explained the need for additional discovery to properly address the issues raised in the motion.

  Judge Falk stated that he would conduct an in-person conference to address, *inter alia*, Defendant's motion and Plaintiff's outstanding discovery issues.  The Parties were awaiting an in-person status conference with Judge Falk to discuss the issues; subsequently this case was reassigned to Your Honor.

  Creditors Relief requests a briefing schedule be established for its motion, while Plaintiff believes the motion is premature and seeks additional class discovery and discovery relating to the automatic dialer issue raised in the motion.  The Parties look forward to discussing these issues with Your Honor at the February 18, 2020 in-person status conference.

          Respectfully submitted,

          /s/Lee Vartan

          Lee Vartan
          Member